[No. 14160.   In Bank. — March 21, 1891.]

JAMES R. GARNISS, PETITIONER, v. SUPERIOR COURT OF SAN FRANCISCO, RESPONDENT.

RECEIVER — EJECTMENT — APPOINTMENT PENDING APPEAL — RENTS AND PROFITS — ORDER DECREEING RIGHT TO MONEYS — JUDGMENT. — An order decreeing that moneys collected by a receiver appointed to receive the rents and profits of land, pending appeal from a judgment in an action of ejectment, is the property of the party finally recovering in the action, is not a judgment for the rents and profits of the realty, or any part of the final judgment in the action of ejectment, or any judgment whatever upon which execution could issue.

ID. — TERMINATION OF RECEIVER'S RIGHT — HOLDING FOR PARTY RECOVERING — DECREE OF COURT. — The powers and duties of a receiver appointed to collect rents and profits pending an appeal in an action of ejectment are at an end when the rights of the parties are finally established, and he is then considered as holding for the benefit of the parties entitled to the property; and a specific decree of the court declaring the funds in the receiver's hands to be the property of the party finally recovering the possession of the land in controversy is not required to perfect the title of such party to them.

ID. — ASSIGNMENT OF RIGHT TO FUNDS — LIEN OF RECEIVER FOR FEES AND COSTS — PART OF ENTIRE DEMAND. — The assignment of the entire right of the prevailing party to the funds in the hands of the receiver cannot be objected to by the receiver on the ground that the money in his hands was subject to a lien upon it for his fees and costs of receivership, and that the assignment therefore was for part of an entire demand.

ID. — JURISDICTION OF JUSTICE'S COURT — APPELLATE JURISDICTION — ACTION AGAINST RECEIVER BY ASSIGNEE OF FUNDS — ASSUMPSIT — EQUITY. — An action in the justice's court by the assignee of the funds in the hands of the receiver is an action at law in *assumpsit*, and not a suit in equity, and is within the jurisdiction of the justice's court, if the fund sued for is less than three hundred dollars, and is within the appellate jurisdiction of the superior court.

CERTIORARI — PRACTICE — JURISDICTION — APPEAL FROM JUSTICE'S COURT — ESTOPPEL. — It is the better practice directly to assail the jurisdiction of the justice's court in some appropriate manner, if it is assailable on any ground, rather than to appeal a case therefrom to the superior court upon its merits, and then assail the jurisdiction of the superior court upon writ of *certiorari*. Whether such an appeal estops the appellant from questioning the jurisdiction of the superior court upon *certiorari* is not decided, the case in judgment being within its appellate jurisdiction.

APPLICATION to the Supreme Court for a writ of review to annul a judgment of the Superior Court of the city and county of San Francisco rendered upon appeal from the justice's court. The facts are stated in the opinion of the court.

*Crittenden Thornton, F. H. Merzbach,* and *Charles F. Hanlon,* for Petitioner.

*H. W. Philbrook,* for Respondent.

GAROUTTE, J. — Application for writ of review.

The facts set out in petitioner's application are as follows: "That one Horace W. Philbrook, upon the fifteenth day of April, 1890, commenced an action against the petitioner in the justice's court of the city and county of San Francisco upon a complaint stating, among other things, 'that on the twenty-ninth day of May, 1889, in the superior court of the city and county of San Francisco, a civil action was commenced by Edward Harrison, administrator, *et al.*, against Mary J. Lynch *et al.*, for the purpose of recovering from said Mary J. Lynch a certain lot of land, and of barring the other defendants of all rights, title, and interest therein; that on the fourth day of February, 1889, a judgment was rendered in said action against the said defendants;

that on the twenty-seventh day of March, 1889, and prior to the commencement of the action of *Philbrook* v. *Garniss*, the superior court appointed James R. Garniss (defendant herein) receiver, to receive, hold, and preserve, during the pendency of an appeal from said judgment, the rents of said lot of land; that prior to January 1, 1890, said receiver, as such, received the sum of $480 as rents of the property; that on the eighth day of November, 1889, said superior court granted a new trial in said cause, and upon the eleventh day of December, 1889, rendered judgment in said action in favor of Mary J. Lynch, declaring her to be the owner of said lot of land and the money in the hands of the receiver; that on the twenty-eighth day of February, 1890, said Mary J. Lynch assigned to this plaintiff (Philbrook) all moneys belonging to her in the hands of said receiver; that on the seventh day of March, 1890, the court settled the receiver's accounts, and allowed him, as credits as such officer, all of said $480, except the sum of $274.50, and directed him to pay said sum to Mary J. Lynch; that on the tenth day of March, 1890, plaintiff notified the receiver of the assignment, and demanded the payment to him of the $274.50, but he has refused to pay the same.    Plaintiff prays for judgment,' etc.

 "Defendant answered this complaint with a general denial, and at the opening of the trial objected to the justice's court trying the action, upon the ground that it was an action in equity, and therefore the court had no jurisdiction. The objections were overruled, and upon trial the plaintiff obtained judgment as prayed for.

"The defendant appealed the case to the superior court, filed an amended answer, and at the commencement of the trial objected to the jurisdiction of the superior court to try the case, upon the ground that its jurisdiction in equity was original, and it had no appellate jurisdiction in such a case. The objections were overruled, and the trial resulted in another judgment **for**

the plaintiff as prayed for in the complaint. That on the trial of said case both the justice's court and the superior court exceeded their jurisdiction, for the reasons above stated, and petitioner has no remedy, except by this application."

It appears that the petitioner occupies the somewhat novel position of having appealed his case to the superior court upon questions of law and fact, then objecting to said court trying the case, upon the ground of want of jurisdiction, and upon that objection being overruled, taking the chance of an adverse verdict, and having lost that chance, then proceeding, by review, to this court to test the jurisdiction of the superior court.

It seems, much the better practice for petitioner would have been to directly attack the jurisdiction of the justice's court in some appropriate manner, rather than appeal the case to the superior court upon its merits. Indeed, if petitioner's contention is true, that the superior court had no jurisdiction to try the case upon appeal, because the justice's court had no jurisdiction to try the case at all, then it is difficult to see how the petitioner could secure a standing in the superior court upon appeal for any purpose; for after a case has been tried in the justice's court upon its merits, and an appeal is taken to the appellate court upon the law and the facts, or upon the law (when a new trial is granted), the cause is heard *de novo* in the superior court.

Owing to the views we entertain upon the other branch of the case, it is not necessary to consider the question as to whether the conduct of the petitioner in appealing this cause to the superior court upon the law and the facts creates such an estoppel against him as that he cannot be heard to object to the jurisdiction of that court to try the cause.

Petitioner contends that the complaint in the case of *Philbrook* v. *Garniss* shows an equitable cause of action, of which the justice's court had no jurisdiction.

Respondent insists that the complaint shows a claim for money had and received by defendant to plaintiff's use. A receiver may be appointed in an action of ejectment after judgment during the pendency of the appeal; and reading the application of the petitioner by the very dim light thrown upon the question by the meager facts stated as to the character of the action of *Harrison* v. *Lynch,* it appears to be a proceeding in ejectment. We then find the petitioner appointed receiver after judgment for the plaintiff, and pending proceedings for appeal, for the express purpose of collecting and preserving the rents of the land. Thereafter the motion for a new trial being granted by the lower court, and upon the succeeding trial judgment going for the defendant, the powers and duties of the receiver were clearly at an end.

"Though a receiver may be, and generally is, appointed upon the application of one of the parties interested in the property which he is to preserve, his holding is not merely for the benefit of such party, or of any other party; it is the holding of the court for the equal benefit of all persons who may be finally adjudged by the court to have rights in it; where, however, the rights of the parties are established, he is considered as holding for the benefit of the parties entitled to the property." (Beach on Receivers, sec. 249.)

The contention of petitioner, that these moneys in his hands were a part of the judgment in the case of *Harrison* v. *Lynch,* cannot be sustained. Indeed, the necessity of a specific decree by the court, declaring them the property of defendant Lynch was not required, as she was necessarily entitled to them by reason of the judgment in her favor as to the possession of the realty. If plaintiff had finally recovered in the action, he could have had no judgment against defendant Lynch for these moneys, for she never had possession of them; they were in the custody of the court; the amount was certain, and

had been preserved by the receiver *in specie,* for the only purpose that it might be delivered upon the order of the court to the party who should finally recover in the action.

The order of the court decreeing that this money was the property of Mary J. Lynch was not a judgment for the rents and profits of the realty; it was no money judgment whatever; it was no judgment upon which an execution could have issued against anybody. It was not a judgment against the plaintiff, and it was not a judgment against the receiver, for he was not a party to the suit.

This decree, then, establishing the *status* of the funds in the hands of the receiver, was not a part of the judgment within the pleadings or the proof in the case of *Harrison* v. *Lynch.* Neither was the assignment by Mary J. Lynch to Philbrook of the moneys in the hands of the' receiver an assignment of a part of a demand. She assigned her entire demand, amounting to $480. The mere fact that this money was held by the receiver, subject to a lien upon it, for his fees and costs of receivership, and was thus charged with such costs, which he was entitled to deduct from the amount upon the settlement of his account, in no way affects the question of Mary J. Lynch's assignment of the entire demand. Her act in the matter was as entire, full, and complete as it were possible to make it, and it effected the exact result contended for by petitioner, for it obliterated the entire demand. What the assignee failed to obtain of the demand, Garniss, the debtor, secured for himself. Why should he be allowed to complain that this assignment was for a part of a demand, when at this very moment the balance of the demand is in his pocket, and his own property by a decree of the court?

The rule that a court of law will not recognize an assignment of part only of an entire demand or judgment is based upon the reason that the liability of the

debtor extends in favor of one person, and the law will not impose upon him the burden of being subjected to several suits or executions by different persons for fractional parts of the demand or judgment.

In the case at bar, for the reasons already stated, this principle has no application.

It seems clear that the petitioner held this money as money had and received for the benefit of Mary J. Lynch, and that the action of *Philbrook* v. *Garniss* was in *assumpsit*, an action at law, and not in equity, and was within the jurisdiction of the justice's court, and the appellate jurisdiction of the superior court.

Let the application be denied. So ordered.

HARRISON, J., PATERSON, J., DE HAVEN, J., McFARLAND, J., and SHARPSTEIN, J., concurred.