Ruth Mae Lavender VESSELS, Appellant,

v.

Challis Clayton VESSELS, Appellee.

Supreme Court of Tennessee.

Nov. 17, 1975.

Harry L. Lillard, Oak Ridge, for appellant.

Roger L. Ridenour, Clinton, Tenn., for appellee.

OPINION

COOPER, Justice.

This is a divorce case. The principal issue is the validity of a decree of divorce announced by the trial court on June 21, 1974, but not entered until August 28, 1974, two hours after the death of one of the parties.

The plaintiff, Ruth Mae Lavender Vessels, brought suit for separate maintenance, in the Law and Equity Court of Anderson County, against the defendant, Challis Clayton Vessels, who filed an answer and cross complaint for divorce.

The case came on to be tried on June 21, 1974. The parties then announced that the plaintiff was amending her complaint to seek an absolute divorce and that the parties had agreed on a property settlement. On hearing testimony in open court, the trial judge awarded the plaintiff a divorce. No entry was made in the minutes of the court, but the trial judge wrote "divorce granted, property awarded," and his name and the date on the cover of the court file.

Thereafter, plaintiff's attorney sent a proposed decree to defendant's counsel for approval. The decree was returned with a cover letter suggesting changes and additions to make the decree conform with the agreement of the parties and the notes in the trial judge's file.

Plaintiff's attorney then prepared, approved and forwarded to defendant's counsel a second decree incorporating all the suggested changes and additions. The date the second decree was forwarded to defendant's counsel is not shown in the record.

The defendant died at 1:30 p. m. on August 28, 1974. On the same day, at 3:30 p. m., the trial judge signed the decree approved by counsel for both parties and entered it of record. The decree as entered

shows that the trial judge made a correction to show that the case was heard on the 21st day of June, 1974, rather than "___ day of July, 1974."

On August 29, 1974, counsel for defendant moved that the decree of August 28th, 1974, be entered nunc pro tunc to make it speak as of the date the decree of divorce was announced, June 21, 1974.

On hearing the motion, the trial judge "ruled that the motion was not well taken and should be overruled as not necessary since the court made a notation on the file of the case that the divorce was granted and the property was awarded on the 21st day of June, 1974."

Counsel for plaintiff then moved to have the decree of August 28, 1974, set aside on the grounds that (a) the decree was entered after the defendant's death, and (b) there was no agreement that the order was the one pronounced in the cause. This motion was overruled, with the result that the case was appealed.

■ It is suggested by the motion to set aside the decree and in argument and brief that the decree of divorce entered in this case was not in accord with the agreement of the parties or with the decree announced by the trial judge on June 21, 1974. Where these differences exist is not pointed out either in the record or in argument or brief. The record indicates the trial judge had notes in his file relative to the decree made by him. Further, the record shows that the decree submitted to the trial judge and signed by him was approved by counsel for both parties. With the record in this state, we are constrained to hold that the decree entered by the trial judge was the decree pronounced by him on June 21, 1974.

■ Appellant further insists that the judgment was not effective for any purpose until entry and since defendant was dead at the time of entry, the judgment was entered too late to be effective.

Rule 58.02 of the Tennessee Rules of Civil Procedure provides that "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of said judgment, and, *unless the court otherwise directs,* no judgment shall be effective for any purpose until the entry of same. . . ." (emphasis supplied) It is noted in the comments of the advisory committee that Rule 58.02 is designed to make uniform across the state the procedure for entry of judgment and to make certain the effective date of a judgment.

In the case *sub judice* there is no order specifically stating the decree of divorce is to be effective at a date other than the date the decree was filed with the clerk after being signed by the trial judge. However, there is an order in the record clearly indicating the trial judge intended the divorce decree to be effective as of the date it was pronounced and that he believed he had done everything necessary to make the decree effective as of that date in entering "a notation on the file of the case that the divorce was granted and the property was awarded on the 21st day of June, 1974." *Cf. Rush v. Rush,* 97 Tenn. 279, 37 S.W. 13 (1896); *McCown v. Quillin,* 48 Tenn.App. 162, 344 S.W.2d 576 (1960). This expressed intent, though bottomed on the wrong premise, in our opinion was a direction by the trial court that the decree of divorce be effective as of June 21, 1974. Accordingly, we affirm the trial judge's action in overruling the motion to set aside the decree of divorce. Costs are adjudged against appellant, Ruth Mae Lavender Vessels, and her surety.

FONES, C. J., HENRY and HARBISON, JJ., and HYDER, Special Justice, concur.