Marvin T. STEELE, Jr.,
Plaintiff–Appellee,

v.

Doris Faye STEELE,
Defendant–Appellant.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 2, 1988.

Permission to Appeal Denied by
Supreme Court Aug. 22, 1988.

Charles C. Peterson, Waynesboro, for plaintiff-appellee.

W.C. Keaton, Keaton, Turner & Spitzer, Hohenwald, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Doris Faye Steele, has appealed from a judgment which granted to plaintiff, Marvin T. Steele, Jr., deceased, an absolute divorce, dismissed the counter-complaint of defendant and divided the marital property.

The first issue to be resolved is whether the judgment of the Trial Court is valid, having been entered after the death of plaintiff.

The case was tried on July 3 and 9, 1987, and taken under advisement by the Trial Judge. On August 28, 1987, the Trial Judge wrote a letter to the Trial Clerk as follows:

This case was tried on July 3, 1987, and the attorneys made their arguments on July 9, 1987.

After considering all the evidence introduced at the trial of the case, the exhibits and arguments of the attorneys, I have decided the following.

The divorce should be granted to the plaintiff, Marvin T. Steele, Jr. The counterclaim filed by the defendant will be dismissed.

In attempting to make an equitable division of the property of the parties, and considering the fact that in this case, the divorce must be granted to the plaintiff, I direct that the following property will

become the sole property of the defendant, Doris Faye Steele.

Please refer to the attachment to the sworn statement of parties' separate and joint assets and liabilities filed by defendant on July 3, 1987.

Item 1—House and lot—Pillow St., Clifton Tn.

Item 2—House and 4.92 acres.

Item 8—Vacant lot, Main St., Clifton, Tn.

Item 21—Titan Motorhome.

Item 28—Boat.

Item 29—Lincoln Automobile.

Item 30 and 31—Horses.

Item 37—Horses.

Item 24—Horse trailer.

Also, plaintiff will pay to defendant the sum of $25,000.00 in cash, out of which she will pay her attorney's fee. Plaintiff will pay to defendant the sum of $600.00 per month for a period of 36 months. Plaintiff shall have all the remaining property listed on the attachment referred to heretofore.

Plaintiff shall have the personal property listed on exhibit 7. Defendant will have all remaining household furniture, fixtures and appliances.

The costs of this action will be paid one-half by plaintiff and one-half by defendant.

I am mailing a copy of this letter to Mr. Peterson and Mr. Keaton, with the request that Mr. Peterson prepare a judgment in accordance with this letter.

Said letter is included in the volume of the record usually designated the technical record, but it is not marked filed and bears no evidence of when, if ever, it was received or filed by the Trial Clerk.

On September 17, 1987, prior to the entry of judgment, plaintiff died.

On October 30, 1987, defendant filed a motion including the following:

Comes the defendant, Doris Faye Steele, pursuant to Rule 59, *Tennessee Rules of Civil Procedure,* and moves the court to alter or amend the judgment entered in this cause and to reconsider the matters at issue and the action heretofore taken for the following reasons:

1. The evidence in this case was insufficient to constitute grounds for divorce against the defendant.

2. The plaintiff, Marvin T. Steele, Jr., died on the 17th day of September, 1987, prior to the entry of judgment in this case, whereupon, the issues in the cause became moot.

On November 5, 1987, a judgment was entered in accordance with the letter of August 28, 1987, except that the following provision of the judgment is not found in the letter:

7. Plaintiff was heretofore ordered to pay certain living, medical and other expenses. The amounts he has not paid and which have either been paid by the defendant or remain unpaid, total the sum of $2,456.36, which the defendant is likewise ordered to pay to defendant (sic), and she will assume responsibility for paying the providers of such.

On the same date, November 5, 1987, counsel for parties filed the following stipulation:

1. Plaintiff, Marvin T. Steele, Jr., died September 17, 1987.

2. Marvin T. Steele, Jr., had, at the time of his death, two wills, as follows:

a. Will dated January 9, 1986, a copy is attached marked Exhibit A;

b. Will dated April 2, 1987, copy is attached marked Exhibit B. Also attached as a part of Exhibit B are the proceedings had in connection with the probate of said will.

Said wills and proceedings are made a part of these stipulations as if copied herein.

On November 17, 1987, the following order was entered by the Trial Court:

The death of the plaintiff, Marvin T. Steele, Jr., having been duly suggested and admitted, by consent of the parties, this action is revived in the name of Tennie Steele Ruble, as the nominated and qualified executor of the estate of Marvin T. Steele, Jr., deceased, and is ORDERED to stand in the same condi-

tion as when Marvin T. Steele, Jr., died on September 17, 1987.

On the same date, November 17, 1987, an order entered by the Trial Court overruling the motion to alter or amend.

On December 1, 1987, the Trial Court again entered the above quoted order which was entered on November 17, 1987.

 Defendant-wife first presents the issue of whether the judgment is void because it was entered after the death of the plaintiff-husband.

In the absence of a statute to the contrary and subject to certain exceptions (no Tennessee cases noted) a cause of action for divorce or a pending suit therefor abates on the death of either party, and the jurisdiction of the court to proceed with the suit is terminated. 27A C.J.S. Divorce § 128, pp. 261, 262.

A cause of action for divorce is purely personal, and it has been held that such a cause of action terminates on the death of either spouse; and if an action for a divorce is commenced, and one of the parties dies thereafter, but before the entry of the final decree, the action abates. The judicial power is ended when a party dies before the entry of a decree; if the court thereafter grants a divorce in ignorance of the death of a party, the decree is void; and the decree does not estop the survivor from asserting in another proceeding that the decedent was dead when the decree was entered. If, on the other hand, the court has entered a decree, or if the judicial function has terminated without formal entry of a decree, the death of the spouse does not affect the matter. 24 Am.Jur.2d Divorce and Separation § 176, p. 299.

Only four published Tennessee authorities have been found on the present issue.

In *Swan v. Harrison*, 42 Tenn. (2 Cold) 533 (1865), while a divorce suit was pending and the three "arbitrators" had made no report upon the reference to them, the husband died. The widow filed a bill to revive the cause. The chancellor sustained a demurrer and dismissed the bill. The Supreme Court affirmed the dismissal and said:

... Most of the American cases will be found to rest upon applications made during the term, or upon a peculiar state of facts, which leave no doubt as to the entire provisions of the decree, and the reasons which prevented its enrollment. But no case, we apprehend, can be found, where a court, either in England or America, has gone so far as to order a decree which had never been announced, after the close of the term, and the lapse of a whole year, and the death of the party against whom it is to be entered, to be declared and entered as before the death of the party, and of the term at which the cause was argued. Such a practice, would, in deed, be anomalous to, if not altogether unprecedented, in the history of equity jurisprudence in this country. But in this case there was no decree. The chancellor at no time heard the cause. The tribunal, whose partial opinion is sought to be declared as the decree of the chancellor, and, as such, entered nunc pro tunc, was, to all intents and purposes, an arbitration, clothed with power, by the consent of the parties, to hear and determine the whole cause, and report the result of their determination to the chancellor; which was, by the terms of the submission, to become the decree of court. By the statute, Code, sec. 3446, an award is required to be in writing; and the loose declaration of even a majority of the referees, as in this case, is wholly insufficient to satisfy the positive requirements of the law. The court, to whom the award is formally submitted, may, by the plain provisions of the statute, Code, sec. 3448, reject it, for any legal or sufficient reason, or recommit it for rehearing to the same or other arbitrators, agreed upon by the parties. The whole cause was referred to the arbitrators; but it is not pretended that anything was agreed upon, but the rights of the complainant to a divorce a vinculo. No alimony, either temporary or permanent, was determined upon, and nothing was reduced to writing. The award was incomplete, and, as an award, binding upon neither party. But the case would not have been materially changed,

had all the formalities of the law been complied with.

The chancellor must have heard the cause, even after the award. Arbitrators have no power, under the statute, to grant divorces or set apart alimony, without the concurrence of the court.... No decree for a divorce having been pronounced, none can now be entered. The prayer of this bill in that respect, has been answered by the inevitable decree of a tribunal higher than any earthly forum. The marriage relation is dissolved forever, and all litigation between the original parties must cease. The husband by his deeds inter vivos, and the execution of his last will, has disposed of all his property, and left his widow, as it is urged in argument, without an adequate and just support. Must she now fail in the further prosecution of her bill for alimony? The peculiar character and hardship of this case is presented with great force and plausibility, but that can have no influence either the one way or the other. The law is neither swayed by sympathy, nor warped by prejudice. The same general principles which govern similar cases must control this. The plain, simple question, is this: Can a bill for divorce and alimony, brought in the lifetime of the husband, be revived, under our statutes, after his death, for alimony against his personal representatives?

... the marriage contract, by our law, is placed upon grounds wholly different from any other civil agreement....

....

... A suit for divorce and alimony is a proceeding sui generis, founded on the violation of the duties which the law enjoins, and always sounding in tort, and for the redress of private wrongs. Bishop, sec, 38, 300; 2 Des. Equity R., 208. It is strictly a personal action, sounding in tort, and by all the rules and maxims of law lies (dies) with the person.

Such is the unbroken current of authorities, as well as of reason, in this class of cases, and we do not, in this case, incline to violate either the reason or authority of the cases. 42 Tenn. at 536–540, 546.

In *Owens v. Simms*, 43 Tenn. (3 Cold) 545 (1866) the husband filed a divorce suit against a non-resident wife. She was not personally served, but publication was had as provided by statute. The cause was heard and a divorce decree was entered. Shortly afterward, the husband died. Thereafter, within the time allowed by statute in cases of service by publication, the wife filed a petition to enter an appearance and defend the divorce suit. The Trial Court overruled a demurrer, set aside the divorce decree and permitted the wife to make defense to the divorce suit. The Supreme Court reversed the judgment vacating the divorce and allowing defense, dismissed the petition and said:

... The complainant is dead, and according to the principles of the case of Addie Swan vs. H.H. Harrison and K.J. Morris, Ex'rs of Jos. M. Swan, dec'd, decided at the last Term, at this place, this cause can not be revived. The Circuit Judge admitted the defendant, after final decree and the death of the complainant, to appear and defend. Defend what? Surely not a suit for divorce, for that had abated and passed beyond the limits of revivor.

....

... All litigation must cease, and especially ought these unhappy contests between husband and wife, which involve their innocent offsprings, and often the community in which they occur, to have an end.

From this view of the case, follows, that the Circuit Judge erred in overruling the demurrer, and setting aside the decree of the Court.

The judgment will be reversed, and the application dismissed. 43 Tenn. at 548, 550.

In *Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13 (1896) after hearing the evidence in a divorce case, the trial judge made a note of his judgment on his docket, but the judgment was never spread upon the minutes of the court. Thereafter, the husband conveyed certain real estate as a single person,

and, still later, died. A new action was brought by the conveyees seeking to clear the title to the land from any claims of the alleged widow of the conveyor. The trial judge ordered that the divorce decree be entered nunc pro tunc. The Supreme Court affirmed and said:

... It is equally clear that a party whose rights are injuriously affected by a clerical omission to extend upon the record a judgment of the Court regularly pronounced, may present the matter to the Court, and, upon a proper showing, have the judgment entered nunc pro tunc.

All Courts have the right, and it is their duty, to make their records speak the truth, and a Court, therefore, in a proper case, of its own motion, may order a nunc pro tunc entry to be made, and no sound reason can be suggested why they should not exercise this right and discharge this duty, upon the suggestion of one whose rights are impaired by the failure of the record to state the truth. 1 Freeman on Judg., Sec. 64; *Balsh v. Shaw*, 7 Cus., 282; *Crim v. Kessing*, 89 Cal., 478, 26 P. 1074. And the lapse of time between the announcement of judgment and the making of this motion is of no importance, that which is important is, that the proof be clear and convincing that the judgment which it is sought to have entered is the one pronounced in the cause. 1 Freeman on Judg., Sec. 61.

This rule applies as well to a divorce proceeding as to any other, and its application is not affected by the fact that one of the parties to the cause is dead at the time the nunc pro tunc entry is sought. 1 Freeman on Judg., Sec. 61; 2 Bishop of Mar., Div., & Sep., Sec., 687; In re Cook's Estate, 83 Cal., 415. Applying these principles to this record, it will be readily seen the Circuit Judge was not guilty of any error in his action in this regard. 97 Tenn. at 281.

In *McCown v. Quillin*, 48 Tenn.App. 162, 344 S.W.2d 576 (1960), a divorce case was heard on June 9, 1953, at which time the trial judge announced his decision, and the decision was noted on the docket by the clerk. On the afternoon of June 9, 1953, the husband was married to a new wife. The decree was not entered on the minutes of the court until June 17, 1953, but it recited that the cause was heard on June 9, 1953. Subsequently the decree entered on June 17, 1953, was re-entered nunc pro tunc as of June 9, 1953. This Court affirmed and said:

■ In the instant case, the Clerk's entry on the Trial Docket on June 9, 1953, constituted, in our opinion, evidence justifying the entry of the nunc pro tunc decree, just as in the case of Rush v. Rush, the judge's note on his docket, constituted necessary evidence. The clerk's entry on the Trial Docket, in the instant case, may, indeed, have been stronger evidence than a memorandum made by the Chancellor on June 9, 1953....

... We hold that, in a proper case, a nunc pro tunc decree may be used to correct an existing decree, as well as to supply a missing decree. In the instant case, no change is made, however, in the existing decree of June 17, 1953, except to change, based on the trial docket entry of June 9, 1953, the effective date of that decree.... 48 Tenn.App. at 175, 176, 344 S.W.2d 576.

Each of the foregoing decisions occurred before the activation of the present T.R.C. P. Rule 58.02 which provides that the filing with the clerk of a judgment signed by the judge constitutes the entry of the judgment unless the court otherwise directs, and that no judgment shall be effective for any purpose until the entry of same.

In *Vessells v. Vessells*, Tenn 1975, 530 S.W.2d 71, (1975), the Supreme Court said:

This is a divorce case. The principal issue is the validity of a decree of divorce announced by the trial court on June 21, 1974, but not entered until August 28, 1974, two hours after the death of one of the parties.

. . . .

The case came on to be tried on June 21, 1974. The parties then announced that the plaintiff was amending her com-

plaint to seek an absolute divorce and that the parties had agreed on a property settlement. On hearing testimony in open court, the trial judge awarded the plaintiff a divorce. No entry was made in the minutes of the court, but the trial judge wrote "divorce granted, property awarded," and his name and the date on the cover of the court file.

Thereafter, plaintiff's attorney sent a proposed decree to defendant's counsel for approval. The decree was returned with a cover letter suggesting changes and additions to make the decree conform with the agreement of the parties and the notes in the trial judge's file.

Plaintiff's attorney then prepared, approved and forwarded to defendant's counsel a second decree incorporating all the suggested changes and additions. The date the second decree was forwarded to defendant's counsel is not shown in the record.

The defendant died at 1:30 p.m. on August 28, 1974. On the same day, at 3:30 p.m., the trial judge signed the decree approved by counsel for both parties and entered it of record. The decree as entered shows that the trial judge made a correction to show that the case was heard on the 21st day of June, 1974, rather than "_____ day of July, 1974."

On August 29, 1974, counsel for defendant moved that the decree of August 28th, 1974, be entered nunc pro tunc to make it speak as of the date the decree of divorce was announced, June 21, 1974.

On hearing the motion, the trial judge "ruled that the motion was not well taken and should be overruled as not necessary since the court made a notation on the file of the case that the divorce was granted and the property was awarded on the 21st day of June, 1974".

Counsel for plaintiff then moved to have the decree of August 28, 1974, set aside on the grounds that (a) the decree was entered after the defendant's death, and (b) there was no agreement that the order was the one pronounced in the cause. This motion was overruled, with the result that the case was appealed.

. . . .

Appellant further insists that the judgment was not effective for any purpose until entry and since defendant was dead at the time of entry, the judgment was entered too late to be effective.

Rule 58.02 of the Tennessee Rules of Civil Procedure provides that "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of said judgment, and, *unless the court otherwise directs*, no judgment shall be effective for any purpose until the entry of same. . . ." (emphasis supplied) It is noted in the comments of the advisory committee that Rule 58.02 is designed to make uniform across the state the procedure for entry of judgment and to make certain the effective date of a judgment.

In the case sub judice there is no order specifically stating the decree of divorce is to be effective at a date other than the date the decree was filed with the clerk after being signed by the trial judge. However, there is an order in the record clearly indicating the trial judge intended the divorce decree to be effective as of the date it was pronounced and that he believed he had done everything necessary to make the decree effective as of that date in entering "a notation on the file of the case that the divorce was granted and the property was awarded on the 21st day of June, 1974". *Cf. Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13 (1896); *McCown v. Quillin*, 48 Tenn. App. 162, 344 S.W.2d 576 (1960). This expressed intent, though bottomed on the wrong premise, in our opinion was a direction by the trial court that the decree of divorce be effective as of June 21, 1974. Accordingly, we affirm the trial judge's action in overruling the motion to set aside the decree of divorce. 530 S.W. 2d at 71–72.

In the present case, as in *Vessells*, the case was tried before the death of one of the parties.

In *Vessells*, the Trial Judge announced his decision in open court and made a signed, dated, notation on the court file, all before the death of the spouse. In the

present case, no decision was announced in open court; but, some three weeks after the trial, the Trial Judge wrote and signed a letter to the Trial Clerk with copies to counsel announcing his decision. This letter was apparently written before the death of the spouse. There is no evidence of when, if ever, the letter was received by the Trial Clerk. It is physically bound in a volume of the record with documents marked filed by the Trial Clerk, but the letter bears no stamp or other indication that it was ever received or filed by the Trial Clerk. The certificate of the Trial Clerk at the conclusion of the volum⸴ mentioned does state that the contents of the volume are from the records of the Trial clerk's office. There is no other evidence that it ever became a part of the records of the Trial Clerk.

In *Vessells*, the informal notation of the Trial Judge was dated, signed, and inscribed upon a record of the Trial Clerk's office, i.e., the cover of the court file. In the present case, the informal notation was upon writing paper sent through the mail.

In *Vessells* there was a clear and recorded indication of the intent of the Trial Judge that his announced judgment be effective on a date certain, prior to the death of the spouse. In the present case there is no recorded indication of the intended effective date of the judgment except the date of the letter which directed that counsel prepare a judgment for entry. Contrary to the situation in *Vessells* in which the Supreme Court found that the Trial Judge believed that he had done everything to make the decree effective as of the date of his informed entry, in the present case, the letter of the Trial Judge clearly indicates that he knew that his decision needed to be formalized by entry of judgment on the minutes of the Court.

In *Vessells*, on the date of the death of the spouse, and within 2 hours of the death, the Trial Judge signed and entered the final judgment. On the following day, counsel moved for a nunc pro tunc order, but this motion was overruled, as was a motion to set aside the decree entered 2 hours after the death of the spouse. In the

present case, the judgment was entered on November 5, 1987, 44 days after the death of the spouse. On November 17, 1987, an "order of revivor" was entered by agreement of the parties, which order declared:

> ... this action ... is ordered to stand in the same condition as when Marvin T. Steels died on September 17, 1987.

While the meaning of the quoted portion of the last mentioned order is not crystal clear, this Court cannot conceive of any means whereby the action could "stand in the same condition as ... on September 17, 1987," except by vacating all orders since that date, especially the 'final judgment' entered on November 5, 1987." If this interpretation be correct, there is no final judgment, and the cause remains under consideration by the Trial Judge awaiting the preparation of a final judgment as requested in his letter of August 28, 1987.

In summary, this record does not present the finality of action taken before death that occurred in *Vessells*, and *Vessells* is therefore not deemed to be decisive of the issue in this appeal.

 This case illustrates the imprudence of the practice of announcing judicial decisions by letter, especially by letter to the clerk of the court. It is a practice which judges would do well to discontinue. If feasible, the best method of announcing a decision is by signed order filed with the Clerk and distributed to counsel or the parties. It is proper, of course, to file a memorandum opinion or other pertinent document such as a finding of facts. Such a document should clearly indicate in its text whether it is intended to serve as a judgment and be effective upon filing, or whether it is informational only and is to take effect when implemented by a judgment. It should always be remembered that T.R.C.P. Rule 58.02 contemplates that, ordinarily, the judgment of a court becomes effective when reduced to writing, signed by the judge and filed with the clerk.

Under the circumstances stated, this court finds that no judgment was entered prior to the death of the plaintiff and that this suit was abated by his death.

Accordingly, all proceedings in the Trial Court occurring after the death of deceased on September 17, 1987, are vacated and this suit is abated.

The foregoing action renders unnecessary the consideration of other issues on appeal.

Costs of this appeal are taxed against the appellant, and the cause is remanded for the assessment and collection of costs in the Trial Court.

VACATED AND REMANDED.

LEWIS and CANTRELL, JJ., concur.