# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **MILDRED ELAINE YOUNG DANIEL,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | **Shelby Chancery No. D-24603-II R.D.** |
| | ) | |
| **VS.** | ) | **Appeal No. 02A01-9606-CH-00135** |
| | ) | |
| **JAMES WIRT DANIEL,** | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

**FILED**

**February 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
### AT MEMPHIS TENNESSEE
### THE HONORABLE FLOYD PEETE, CHANCELLOR

**STEPHEN R. LEFFLER**
Memphis, Tennessee
Attorney for Appellant


**DONNA M. FIELDS**
**ROBERT S. WEISS**
Memphis, Tennessee
Attorneys for Appellee

**VACATED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Mildred Elaine Young Daniel (hereinafter, "Mrs. Daniel") filed a complaint for divorce

in the Shelby County Chancery Court on September 15, 1994. Thereafter, James Wirt Daniel (hereinafter, "Mr. Daniel") filed an answer, and the parties engaged in discovery. The case was set to be heard in January, 1996. On January 22, 1996, the parties through counsel appeared before the trial court and announced that they had negotiated the settlement of some, though not all, of the issues in the case. Of particular importance, the parties stipulated that they desired for the trial court to grant a divorce that day and restore Mrs. Daniel's maiden name to her in light of the fact that she had been diagnosed with terminal cancer. In addition to the foregoing, the parties also agreed to the division of some, though not all, of the marital property. On January 24, 1996, the trial court entered an order styled "Final Decree of Divorce, Return of Maiden Name, Announcement of Settlement as to Certain Property Rights and Reservation of Certain Property Matters," which memorialized the stipulations made at the January 22, 1996, hearing. That order recited in relevant part:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
> 1. That the Plaintiff, Mildred Elaine Young Daniel, should be granted a divorce from the Defendant, James Wirt Daniel, on the grounds of adultery.
>
> 2. That the Plaintiff's maiden name of Young shall be restored to her and she shall henceforth be known as Mildred Elaine Young.
>
> 3. That the agreement between the parties concerning certain personal property is attached hereto as Exhibit A, and will be incorporated into the final Order settling property rights herein.
>
> 4. That certain matters remain to be settled or tried, including the continuation of the AFLAC cancer insurance. The Court allows thirty (30) days for counsel and parties to attempt to settle the remaining matters. If the remaining matters are not settled within thirty (30) days, the Court will enter an Order for mediation.

On April 6, 1996, Mildred Daniel died. At the time of her death, the remaining issues had not been resolved. Therefore, on April 11, 1996, Mr. Daniel's counsel filed a "Suggestion of Death and Motion to Dismiss Proceedings." On May 3, 1996, Appellant filed a "Response to Defendant's Motion to Dismiss" and a "Suggestion of Death and Motion for Substitution of Party." By order entered June 6, 1996, the trial court entered an order denying Mr. Daniel's motion to dismiss. That same order also substituted Mrs. Daniel's estate as the party-plaintiff in this cause and granted to Mr. Daniel the right to file an interlocutory appeal with this Court pursuant to Rule 9, Tenn.R.App.P. Mr. Daniel filed

2

an interlocutory appeal in this Court on June 10, 1996, which was subsequently denied by Order entered July 5, 1996. On December 10, 1996, the trial court entered its "Order on Contempt and Order Dividing Remaining Property," which adjudicated all remaining issues before the trial court. Thereafter, Mr. Daniel filed a notice of appeal on January 8, 1997, and the case is properly before this Court for consideration.

## ISSUE

The issue submitted for appeal centers on whether the death of a party during the pendency of a divorce action abates the divorce action or whether the action may, in certain circumstances, survive the death of the party.

## DISCUSSION

On appeal, the parties have each presented persuasive authority to support their respective positions. In fact, each has cited contradictory authority from different sections of this Court which bear upon the issue presented.

Mr. Daniel asserts that the lawsuit abated upon the death of Mrs. Daniel and that all proceedings in the trial court should have terminated upon her death. Mr. Daniel relies upon McMahon v. Butler, No. 82D-1948 (Tenn. App. May 23, 1986), a decision of the Middle Section of this Court. In McMahon, the trial court ruled from the bench that the parties should be divorced and appointed a special master to take proof regarding the assets of the parties. The husband died before the special master made the final report to the trial court. Thereafter, the wife filed and served a notice of voluntary dismissal, and the executors of the husband's estate filed a suggestion of death and motion to be substituted as parties in the husband's place. The trial court substituted the executors in place of the husband and declared the wife's voluntary dismissal to be void. Subsequently, the trial court entered an order confirming the special master's final report and also entered an order purporting to resolve all the property rights of the parties. The wife appealed from

3

that order.

On appeal, this Court determined that the trial court erred in not dismissing the cause upon the husband's death. The Court found that the trial court's interlocutory order granting the wife a divorce was not a final order and that all issues in the cause, including the divorce, were open to revision at any time before the entry of an order adjudicating all the claims, rights and liabilities of the parties. In rendering its decision in McMahon, the Court addressed the case from the standpoint of the finality of the judgment and found that the case was, indeed, not final. Rule 3(a) Tenn.R.App.P. provides:

> [A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of the final judgment adjudicating all the claims, rights and liabilities of all parties.

On appeal, the McMahon Court concluded that the cause of action abated upon Mr. McMahon's death. Therefore, the Court reversed all orders of the trial court entered after the husband's death and dismissed the cause.

Contrary to the determination in the McMahon case is that reached by the Eastern Section of this Court in Bradley v. Bradley, No. 02A01-9108-CH-00285 (Tenn. App. Sept. 14, 1990), which Mrs. Daniel's estate asserts should be controlling authority. In Bradley, the trial court had announced from the bench that it would award a divorce to the wife, Reb Bradley, on the grounds of cruel and inhuman treatment, but the trial court reserved questions regarding the division of property. Mr. Bradley died before entry of any order regarding the divorce, having complicated the situation by marrying Debby W. Bradley eleven days after the trial court's pronouncement of divorce but before entry of any order granting the divorce. Upon motion of Reb Bradley, the trial court dismissed the divorce action, finding that it had abated upon Mr. Bradley's death. Debby W. Bradley, Mr. Bradley's last wife and putative widow, appealed the dismissal.

On appeal, the court focused on the trial court's intent to enter a divorce at the time

4

of the pronouncement of divorce made from the bench. The court, therefore, remanded the case to the trial court for a determination of its intent in regard to granting the divorce. The court determined that the case was one appropriate for entry of a judgment *nunc pro tunc* as to the divorce if the trial court had intended the divorce to be effective at the time of the hearing. However, the court also held that if the trial court did not intend for the divorce to be effective as of the date of hearing or if the trial judge had no recollection, then the trial court should enter an order dismissing the case as abated.

In determining that the intent of the trial court is paramount in determining whether the divorce is effective, the McMahon court relied upon Littrell by Davis v. Littrell, No. 1152 (Tenn. App. Aug. 22, 1988), a decision by this panel of the Western Section. In the Littrell case, the trial judge had stated from the bench:

> The divorce is pronounced. It will be drawn up and signed by me promptly. Don't remarry for at least 30 days. And I suppose in a technical point of fact, you are still married at this moment up until you actually have this order into the clerk's office. So conduct yourself as such.

Before the final decree of divorce was entered, the wife Connie Sue Davis Littrell and one of the minor children were killed as a result of an automobile accident. Rickey Littrell, the husband, filed a motion to dismiss the divorce because of the wife's death. The trial court denied the motion to dismiss and entered an order *nunc pro tunc* to the earlier hearing date which granted the wife a divorce and custody of the parties' minor children. The husband appealed, asserting that under Swan v. Harrison, 42 Tenn. 534 (1865), a divorce action abates upon the death of a party. This Court affirmed the trial court's decision. This Court found that because the trial court had authority to enter an order *nunc pro tunc*, the parties were effectively divorced at the time of the hearing, which preceded the wife's death. Therefore, there was no pending divorce action to abate at the time of the wife's death. This Court found that evidence of the trial court's intent that the divorce be effective immediately was shown by the trial judge's statement, "The divorce is pronounced."

There are two other reported Tennessee decisions which merit discussion in consideration of this issue. In Vessels v. Vessels, 530 S.W.2d 71 (Tenn. 1975), the Supreme Court found that a divorce decree was properly entered after the death of one

5

of the parties where the trial judge had signed and dated the following notation on the cover of the court's jacket: "divorce granted, property awarded." The <u>Vessels</u> court emphasized that the intent of the trial judge as to the effective date of the divorce decree was controlling. <u>Id.</u> at 72.

In <u>Steele v. Steele</u>, 757 S.W.2d 340 (Tenn. App. 1988), the divorce case was heard and the trial judge subsequently wrote a letter to the trial court clerk stating, *inter alia*, that "the divorce should be granted to the plaintiff." After the letter was written, but prior to the entry of a judgment, the plaintiff died. The trial court entered an order consistent with the aforementioned letter and granted the divorce after the death of the plaintiff. Upon appeal brought by the wife, the Middle Section of this Court determined that the cause abated upon the plaintiff's death. The Court distinguished the <u>Steele</u> case from the Supreme Court's decision in <u>Vessels</u>, finding that except for the date of the letter to the trial court clerk, there was no other recorded indication of the intended effective date of the judgment. Contrary to <u>Vessels</u>, in which the Supreme Court found that the trial judge believed that he had done everything to make the decree effective as of the date of entry, the trial court in <u>Steele</u> knew that its decision had to be formalized by entry of a judgment on the minutes of the court, but it did not do so.

In the case at bar, Mr. Daniel asserts that the Final Decree of Divorce entered in the trial court on January 24, 1996, is ineffective as it was not final and appealable under either the definition contained in Rule 3 Tenn.R.App.P. or the requirements for appealing otherwise non-final judgments contained in Rule 54.02 Tenn.R.Civ.P. We agree with Mr. Daniel's assertion that the trial court's order was not final for purposes of appeal; the order in question expressly reserved certain issues for later determination. However, the evidence is plain that the trial court intended that the divorce be effective as of January 24, 1996, the date of entry of the order memorializing the stipulations made by both parties at the January 22, 1996, hearing.

The common thread in Tennessee law on this issue is that the intent of the trial

6

court is paramount in determining whether and when the order of divorce is effective. Bradley v. Bradley, No. 02A01-9108-CH-00285 (Tenn. App. Sept. 14, 1990); Littrell by Davis v. Littrell, No.1152 (Tenn. App. Aug. 22, 1988). In the case at bar, there is convincing evidence that the trial court intended for the divorce be effective on January 24, 1996. At the January 22, 1996, hearing the following exchange took place:

> Ms. Fields: Your Honor, Mr. Leffler and I want to announce to the Court <u>today</u> that it is stipulated that Mrs. Daniel has grounds for divorce, and <u>we would like the Court to go ahead and grant the decree today</u>.
>
> The Court: On grounds of adultery?
>
> Ms. Fields: On grounds of adultery.
>
> The Court: <u>I will do that</u>.
>
> Ms. Fields: We will provide a final decree of divorce that provides just for the divorce.
> .....
>
> The Court: When am I anticipating getting an Order?
>
> Ms. Fields: I'm writing it right now.
>
> The Court: I'd like to have an Order while it's fresh on my mind. Don't wait three weeks. So if you will get it to me in the next day or so I will remember in case there's a dispute about it.
>
> Ms. Fields: I will prepare a final decree granting the divorce, returning the maiden name, and I will attach the transcript as an exhibit to that so we will know what's settled and what remains to be settled.
> (Emphasis Added).

Thereafter, on January 24, 1996, the trial court entered the "Final Decree of Divorce, Return of Maiden Name, Announcement of Settlement as to Certain Property Rights and Reservation of Certain Property Matters," which had been approved for entry by counsel for both parties. As previously recited that order stated in relevant part:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff, Mildred Elaine Young Daniel, should be granted a divorce from the Defendant, James Wirt Daniel, on the grounds of adultery.

It is evident that from the statements made at the January 22, 1996, hearing that Mr. Daniel, Mrs. Daniel, their respective counsel and the trial court intended that the Daniels

be divorced, and that this intent was memorialized by the trial court's order entered January 24, 1996. Accordingly, under the authority of <u>Bradley v. Bradley</u>, we conclude that it is appropriate to remand this case to the trial court for entry of an order *nunc pro tunc* as to the divorce because it is evident that the trial judge intended the parties to be divorced as of January 24, 1996. Said order *nunc pro tunc* should comply with the express provisions of Rule 54.02 Tenn.R.Civ.P.

For the foregoing reasons, the judgment below is vacated and the cause remanded for such further proceedings consistent with this opinion. Costs of this appeal are adjudged equally against the parties.

_____

HIGHERS, J.

CONCUR:

_____

CRAWFORD, P.J., W.S.

_____

FARMER, J.