\* RUSH *v.* RUSH.

(*Knoxville.*    September 26, 1896.)

1. APPEAL. *Lies from entry of decree nunc pro tunc.*

Appeal lies by a party adversely affected from an entry *nunc pro tunc* of a decree for divorce. (*Post, pp. 280, 281.*)

2. DECREE. *Nunc pro tunc for divorce.*

A decree for divorce will, upon satisfactory evidence, be entered *nunc pro tunc*, after the death of a party, upon the intervening application of a third person whose rights, acquired upon faith of the divorce, are jeopardized by the failure to spread the decree upon the record. (*Post, pp. 281, 282.*)

Cases cited: 7 Cush., 282; 89 Cal., 478: 83 Cal., 415.

3. PLEADING AND PRACTICE. *Filing of papers.*

A pleading or other paper is deemed, in legal contemplation, as filed when handed to the clerk or his deputy for that purpose, although he may fail to make the proper indorsement of the fact thereon. (*Post, pp. 282, 283.*)

Case cited and approved: Montgomery *v.* Buck, 6 Hum., 416.

4. CHANCERY PLEADING AND PRACTICE. *Effect of pro confesso.*

Where the defendant to an intervening petition, seeking to have a decree for divorce entered *nunc pro tunc*, submits to decree *pro confesso*, the averments of the petition not in conflict with the original record, stand as admitted. (*Post, pp. 283, 284.*)

Case cited and approved: Shea *v.* Mabry, 1 Lea, 319.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County. JOHN A. MOON, J.

---

\* As to the entry of judgments *nunc pro tunc*, see the cases collated in note to *O'Sullivan* v. *People* (Ill.), 20 L. R. A., 143.—REPORTER.

S. B. WRIGHT for Chaney Rush.

BLOOM & BODDY for James Rush.

BEARD, J.   In this cause a petition was filed by
Meyer and others, in which it was alleged that in
August, 1892, James Rush instituted a suit in the
Circuit Court of Hamilton County against his wife,
Chaney Rush, seeking a decree of divorce from her;
that a summons was issued by the Clerk of the
Court, which was duly served by the Sheriff of
that county on the defendant, Chaney; that after-
wards, at the September term, 1892, of that Court,
that cause came on to be heard before the Judge
of the Court, who, after hearing the proof, adjudged
that James Rush was entitled to the divorce as
prayed for by him, and that thereupon a note of
this judgment was made on the Judge's docket by
him, but the judgment had never been entered or
extended by the Clerk on the minute or record-book
of the Court.

The petition further alleges that, subsequent to his
judgment, James Rush, representing himself to be
unmarried, conveyed certain real estate for a valua-
ble consideration to petitioners, and thereafter died,
and that since his death Chaney Rush, claiming to
be his widow, was in the Chancery Court of that
county seeking to set up a homestead right in said
property, upon the ground that she had not joined
in the conveyance thereof.   After alleging these facts,
petitioners ask that Chaney Rush be made a party

to their petition, that process issue against her, requiring her to plead to it, and that they be granted relief by the entry *nunc pro tunc* of the judgment of divorce in the cause, as of the term at which it was originally pronounced.

A summons was regularly issued upon order of the Circuit Judge, upon this petition, requiring the said Chaney to make answer thereto by a fixed day, and this summons was duly served on her by the Sheriff. Failing to answer or otherwise plead, it was taken for confessed against her, and thereupon the same was submitted to the Court with other proof, when it was ordered that the judgment of divorce be entered *nunc pro tunc*, as petitioners had prayed. The case is now before us on appeal, and it is insisted that this action of the Court below was unauthorized and void. It may be said, preliminarily, there is no doubt that where, as in this case, the only question is as to the right of the lower Court to make such an order or entry as the one in question, that the decision is of such a character as to entitle the party affected adversely thereby to prosecute an appeal from it. 1 Elliott's Gen. Prac., Sec. 1920, and notes. It is equally clear that a party whose rights are injuriously affected by a clerical omission to extend upon the record a judgment of the Court regularly pronounced, may present the matter to the Court, and, upon a proper showing, have the judgment entered *nunc pro tunc*.

All Courts have the right, and it is their duty,

to make their records speak the truth, and a Court, therefore, in a proper case, of its own motion, may order a *nunc pro tunc* entry to be made, and no sound reason can be suggested why they should not exercise this right and discharge this duty, upon the suggestion of one whose rights are impaired by the failure of the record to state the truth. 1 Freeman on Judg., Sec. 64; *Balsh* v. *Shaw*, 7 Cush., 282; *Crim* v. *Ressing*, 89 Cal., 478. And the lapse of time between the announcement of judgment and the making of this motion is of no importance; that which is important is, that the proof be clear and convincing that the judgment which it is sought to have entered is the one pronounced in the cause. 1 Freeman on Judg., Sec. 61.

This rule applies as well to a divorce proceeding as to any other, and its application is not affected by the fact that one of the parties to the cause is dead at the time the *nunc pro tunc* entry is sought. 1 Freeman on Judg., Sec. 61; 2 Bishop on Mar., Div., & Sep., Sec. 687; *In re Cook's Estate*, 83 Cal., 415. Applying these principles to this record, it will be readily seen the Circuit Judge was not guilty of any error in his action in this regard. The bill of exceptions shows that there was found in the files of the Court, in a wrapper used by the Clerk for keeping the papers in each cause, a petition for divorce by James Rush against Chaney Rush, alleging legal grounds for the same, sworn to as required by the statute. On the back of this

paper there is an indorsement that it was "filed August 18, 1892;" this, however, was unsigned by the Clerk. This omission was, however, immaterial, as, in general, "a pleading is deemed filed when handed to a person in the Clerk's office to receive it, and the failure of the Clerk or deputy to properly mark it filed should in no way prejudice the party filing it." *Montgomery* v. *Buck*, 6 Hum., 416. Attached to this petition was a cost bond signed by the petitioner and surety.

On the same day—that is, on August 18, 1892—a summons was issued by the Clerk to the Sheriff, requiring him to summon Chaney Rush "to appear on the first Monday in September next, then and there to answer James Rush in a suit for divorce instituted in said Court, etc., and, on the back of this was found indorsed a return of the service of the same on the defendant, dated August 20, 1892, signed by the Sheriff. The cause was entered on the trial docket used by the Court, and, in a column left for the Judge's memoranda, and at a place opposite the entry of a cause styled "*James Rush* v. *Chaney Rush*," was found noted the following: "Divorce for plaintiff."

It is true, as is objected, that the record itself did not show when this memorandum was made, or that it was made by the Judge of the Court. But this defect was cured by the distinct averments of the petition filed against Chaney Rush, asking for the entry of the *nunc pro tunc* judgment, that the de-

cree for divorce was pronounced by the Judge of
that Court at the September term, 1892, and that
this notation of the judgment was then made by him,
and the conclusive evidential effect of these aver-
ments against plaintiff in error by reason of the
order *pro confesso* which she permitted against her.
These averments, upon this *pro confesso*, therefore,
stand as if they had been admitted or agreed to be
true by Chaney Rush. Upon this admission, aiding
the record, we have no doubt of the propriety of
the Court's action in entering the judgment in ques-
tion *nunc pro tunc*.    *Shea* v. *Mabry*, 1 Lea, 319.