## H. G. PAYNE v. THE STATE.*

### (*Knoxville*.  September Term, 1926.)

Opinion filed October 16, 1926.

**1. CRIMINAL LAW.  Failure to support minor child.**

The Statute is an exceptional one, and has for its object the support of dependents, when the responsible party is physically and financially able: And the punishment prescribed is only a means to an end.  (Post, p. 53-55.)

**2. SAME.  Same.  Judgment.  Code, Shannon's, 6888a22.**

The quantum of payment and of punishment is discretionary with the trial court, based upon the facts appearing at the hearing.  A judgment of imprisonment entered after the lapse of nearly two years, based upon the recollection of trial judge and District Attorney, who differ as to terms, is not legal and entitles defendant to discharge on writ of habeas corpus.  (Post, p. 53.)

**3. CRIMINAL LAW.  Judgment.  Entry at subsequent term.  Order nunc pro tunc.**

In ordinary criminal case, when the jury fixes the punishment, and by oversight, no judgment is pronounced, the court at a subsequent term, can pronounce judgment and have it recorded.  Also, where a judgment was pronounced, but clerk failed to enter it on the minute, a nunc pro tunc order can be entered at a subsequent term.  (Post, p. 54.)

Citing: Code 4597.

**4. COURTS.  Judgment.  Mistake or omission in.  Construction, section 4597, Shannon's Code.**

Under Code, section 4597, Shannon's Code, any mistake or omission in a judgment can be corrected within a year, if there is sufficient matter apparent on the record; the papers in the case; or entries of a presiding judge to amend by.  (Post, p. 54.)

Citing: Rush v. Rush, 97 Tenn., 281.

5. HABEAS CORPUS. Illegal restraint.

The writ of habeas corpus is a proper proceeding, to ascertain if there is a legal judgment ordering a defendant's imprisonment, charged with a criminal offense. (Post, p. 55.)

———————

*Headnotes 1. Criminal Law, 16 C. J., section 3102; 2. Criminal Law, 16 C. J., section 3102; 3. Parent and Child, 29 Cyc., p. 1679 (Anno); 4. Parent and Child, 29 Cyc., pp. 1606 (Anno), 1679 (Anno); 5. Criminal Law, 16 C. J., section 3015; 6. Criminal Law, 16 C. J., section 3106; 7. Criminal Law, 16 C. J., section 3107; 8. Criminal Law, 16 C. J., sections 3114, 3115.

———————

## FROM HAMILTON.

———————

Appeal in error from Hamilton County Criminal Court. —HON. FLOYD ESTILL, Judge.

JOHN H. EARLY and W. J. COUNTS, for appellant.

FERRISS C. BAILEY, Assistant Attorney-General, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

H. G. Payne, referred to herein as the defendant, has appealed from a judgment requiring him to undergo confinement in the county workhouse for a period of eleven months and twenty-nine days for failure to support his three minor children, whose custody had been decreed to their mother in a divorce proceeding.

Pending the proceedings herein, the defendant was committed to jail. He, thereupon, instituted a *habeas*

*corpus* proceeding, which was decided favorably to him, but the court proceeded to enter a judgment incarcerating him in the county workhouse for eleven months and twenty-nine days.

The defendant appealed to this court, and assigns for error the action of the trial court in committing him to the workhouse, and says that he should have discharged him from custody.

The two cases were heard together, but there is but one record before us, which contains the proceedings in both cases.

The defendant was indicted by the grand jury, for failure to support his children, in July, 1922.

The case was heard upon a plea of not guilty on December 21, 1923, and the minute entry of that date is as follows:

"FINAL JUDGMENT                    Entered, December 21, 1923.
                                   Matt Gerlach D. C. C.

STATE          )
               )
v.             )  No. 46534   Charge. Failure to provide
               )                     for Minor children.
H. G. PAYNE.)

"Came the Attorney-General and the defendant in person and this case was tried on defendant's plea of not guilty before the court and the following jury. (Naming the jurors,) all duly elected qualified and sworn who having heard the argument of counsel and charge of the court on oath do say that defendant is guilty as charged in the indictment.

"Thereupon court adjourned until tomorrow morning at nine o'clock.

                         "FLOYD ESTILL, JUDGE."

The trial judge did not sign the minutes of that day.

The defendant entered a motion for a new trial on December 26, 1923.

So far as the record shows there were no further steps taken in the case until July 25, 1925, when the Attorney-General, without any notice to the defendant, and in his absence, had the following order entered upon the minutes of the criminal court, to-wit:

"ORDER.     Entered. August 1st, 1925 as of July 25, 1925

                        Matt Gerlach, D. C.

STATE        )
            )
v.           )    No. 46534      In the Criminal Court.
            )
H. G. PAYNE)

"This cause came on for hearing before the Honorable Floyd Estill, Judge of the criminal court on this the 25th day July, 1925, when it was made to appear to the court that the defendant was tried on December 21, 1923, by the court and jury and convicted of neglecting and failing to provide for his three minor children as provided by law in such cases and that he has failed to comply with the order of the court pronounced at that time and he was sentenced to pay $25 per month for the support of his children and on his first failure to do so he be sent to the workhouse of Hamilton county, Tennessee, for eleven months and twenty-nine days and it appearing to the court that the defendant was in default it is ordered that a *capias* be issued for the defendant, H. G. Payne and that he be confined in the workhouse of Hamilton county, Tennessee, for a term of eleven months

and twenty-nine days and that he pay the costs of this execution.

"ESTILL JUDGE.

"O. K. CHAMLEE."

Thereupon a *capias* was issued for the defendant and he was arrested and lodged in the county workhouse. He thereupon instituted a *habeas corpus* proceeding, which came on to be heard before the regular criminal judge, who had presided at the trial in December, 1923, on October 26, 1925, and the minute entry of that date contains the following recitals:

". . . on inspection of the original record it appeared that on the 21st day of December, 1923, H. G. Payne was tried in the criminal court of Hamilton county, Tennessee, on an indictment theretofore found against him for failure to provide for his minor children and there is spread on the minutes of the court what purports to be a verdict of the jury finding the defendant guilty as charged in the indictment but an inspection of the record shows that this alleged finding has never been verified by the signature of the trial judge the minutes of the court proceedings for the day being unsigned.

"It further appeared from an inspection of the trial docket of the judge that this entry is made thereon.

"THE STATE    )
No. 46534    v.    )    Failure to provide. Guilty.
"H. G. PAYNE.)

"It further appeared from an inspection of the record that on the 25th day of July, 1925, the Attorney-General came into court and asked and obtained the following order in the absence of the defendant and without notice to him."

Then follows the order of July 25th, copied hereinabove.

The order then proceeds:

"This order was entered as appears from the record on the 1st day of August, 1925, and on the 27th day of August, 1925, a workhouse *capias* was issued for the defendant and he was placed in jail under said *capias* and was being so held at the time he sued out this writ of *habeas corpus.*

"The record further shows that on the 26th day of December, 1923, the defendant filed a motion for a new trial setting up the grounds and the verdict was contrary to the evidence and that the evidence preponderates against the verdict and that the court erred in failing to direct a verdict for the defendant at the close of the testimony and that the court erred in charging the jury and that although the custody of the children was committed to the mother in a divorce court yet the defendant would be guilty if he failed to support his minor children as charged in the indictment. In consideration of the premises the court held that the defendant was illegally restrained of his liberty by being held under said workhouse *capias* in the Hamilton county jail and thereupon the petition for *habeas corpus* was sustained and the right of the defendant to be set at liberty under said proceedings was recognized by the court, but the court held that in view of the record as above set forth that the court had the authority to amend the record at this time and to enter its judgment on said verdict *nunc pro tunc* and without giving the defendant any previous notice the defendant being present in open court the court ordered that the defendant H. G. Payne for his offense

be confined in the workhouse of Hamilton county, Tennessee for the term of eleven months and twenty-nine days and that he pay the cost of this prosecution for which execution may issue. And thereupon the court ordered a workhouse *capias* to issue and the defendant was taken into custody by the sheriff."

For a number of reasons the judgment of the trial court must be reversed.

In the first place, the inference seems to be that the trial court did not sign the minutes, because he disapproved of the verdict, and that his failure to sign was purposeful and not an omission. Hence, any judgment based thereon would be invalid.

In the second place, if the minute entry of December 21, 1921, was improperly entered, and the trial judge did not sign the minutes, then such entry does not constitute a part of the record, and the defendant has been sentenced without a trial.

In the third place, the judgment is illegal because contrary to the statute under which the defendant was indicted, section 6888a22 of Shannon's Code, which is as follows:

"Upon indictment and trial or upon arraignment if the defendant pleads guilty or is found guilty upon competent testimony, it shall be the duty of the judge of the criminal court to determine and fix the amount to be paid by the defendant as hereinbefore provided and to require the defendant to give security as provided in section 6888a22 or release said defendant on his own recognizance as therein provided, and if the undertaking as provided in said section be given the defendant must be released, but if not the court must sentence such de-

fendant to the county workhouse for a period not exceeding eleven months and twenty-nine days and to pay the costs of the cause.''

In the fourth place, it makes no difference whether this be treated as a *nunc pro tunc* order or as a deferred judgment on the verdict of the jury, the court was without power to enter same for the reason that he had no evidence upon which to base it. The *quantum* of payment and of punishment was discretionary with the trial court, based upon the facts appearing at the hearing. It would be all but impossible for a busy judge, trying hundreds of cases, to remember the testimony in an ordinary case after a lapse of nearly two years. Then, too, the condition and situation of the defendant may have changed in the meantime, and the punishment now imposed, although proper two years previous, might be grossly excessive. If he were tried now before a jury they might return a verdict of not guilty.

In the ordinary criminal case, where the jury fixes the punishment, and, by oversight, no judgment is pronounced, the court, at a subsequent term, can pronounce judgment and have it recorded. Also where a judgment was pronounced, but the clerk failed to enter it on the minutes, a *nunc pro tunc* order can be entered at a subsequent term.

And under section 4597 of Shannon's Code any mistake or omission in a judgment can be corrected within a year if there is sufficient matter ''apparent on the record, the papers in the cause, or entries of a presiding judge to amend by.''

In Rush v. Rush, 97 Tenn., 281, after stating that in order that the minutes speak the truth and disclose the

actual proceedings of the court a *nunc pro tunc* order might be made at a subsequent term, it was said:

"And the lapse of time between the announcement of judgment and the making of this motion is of no importance; that which is important is, that the proof be clear and convincing that the judgment which it is sought to have entered is the one pronounced in the cause."

The necessity for this rule is illustrated in the instant case, assuming that judgment was pronounced but not entered. The recollection of the trial judge was that the punishment imposed was eleven months and twenty-nine days imprisonment; while the recollection of the attorney general was that he pay $25 per month, in default of which he be imprisoned for eleven months and twenty-nine days.

The statute here involved is an exceptional one, and has for its object the support of dependents where the responsible party is physically and financially able; and the punishment prescribed is only a means to an end.

At this time the defendant, as previously stated, may not be able to support his children, and if not the policy of the statute would forbid his incarceration.

It results that the case will be reversed; and since there is no legal judgment ordering the defendant imprisoned he will be discharged in accordance with the prayer of his petition.