In re ADOPTION OF Andrew James
GILLIS et al., Appellants,

v.

Estelle Lewis EGGELSTON, Administratrix of the Estate of Georgia Alma West
Gillis, Deceased, et al., Appellees.

Supreme Court of Tennessee.

Nov. 29, 1976.

A. L. Pressgrove, Jr., Southhaven, Miss.,
for appellants.

David Ballon, Memphis, for appellees.

OPINION

COOPER, Chief Justice.

This is an appeal from a decree of the
Probate Court of Shelby County dismissing
the petition filed by Andrew Gillis, Jr., to
have a final decree of adoption entered
nunc pro tunc in the action filed by Cornelius Gillis and wife, Georgia Gillis.

At stake is the estate of Georgia Gillis
(West), who died intestate. If the decree is
entered nunc pro tunc, Andrew James Gillis, Jr., inherits as the adopted son of Mrs.
Gillis (West). If not, the appellees inherit.

To set the stage for the filing of the
petition under consideration, the record
shows that Mr. and Mrs. Gillis sought to
adopt their nephew, the appellant, by petition filed on December 12, 1925. The proposed adoption was contested by the stepmother of appellant, with the result that on
December 22, 1925, a "Decree Paroling
Child to Petitioners, Cornelius Gillis and
Georgia Gillis and Retaining Cause in Court
for Further Action" was entered. The decree provided that the appellant was paroled to Cornelius and Georgia Gillis for
three months, and granted them the right
to apply to adopt the appellant after the
expiration of the parole period.

Appellant averred in his petition for entry of a decree of adoption nunc pro tunc
"that after the expiration of three months
from the entry of [the decree of December
22, 1925, the Gillises] petitioned the Court
for the adoption of the said Andrew James
Gillis (Jr.), and after testimony had been
introduced in open Court, the Court, having
considered the entire record, granted the
Petition of Cornelius and Georgia to adopt
the said Andrew James Gillis (Jr.). A copy
of Answer and Cross Bill of Cornelius Gillis
and Georgia Gillis, his wife, setting forth
these facts and filed in this cause [on July
11, 1927] is attached hereto, marked Exhibit

'A' and incorporated herein by reference. That after the rendition of the decision of this Court as above stated, a decree was apparently drawn by said attorney and is in the file of this cause, but through inadvertence or oversight on the part of said attorney or the Clerk of the Court, said Decree was not signed by the Judge and entered on the minutes of the Court."

It is this decree that appellant seeks to have entered nunc pro tunc.

Appellees moved to dismiss the petition on the grounds (1) that there is no authenticated record to support the entry of a nunc pro tunc decree of adoption; (2) that there is no legal basis for the entry of such a decree "Sans an Order, Decree, and Minutes of the Court, signed by the presiding Judge;" (3) the records of the court proceedings can be proven only by duly certified copies; and (4) the entry of a nunc pro tunc decree based on parol evidence is against public policy.

The trial judge sustained the motion, pointing out:

"The said purported Order is unnumbered, undated, unapproved by counsel, undocketed and unsigned by the Court. There is no record to indicate that same was ever received by the Clerk of the Court or in what manner same was in the jacket containing the records in the cause. Such purported order is not a part of the official record.

"On July 6, 1927, Judge Guthrie, the then presiding Judge of the Probate Court, directed in writing the Clerk of the Court, to set the case for hearing on July 12, 1927, and the record is silent as to what if anything occurred on said date in that there is no Order pertaining thereto.

"It also appeared unto the Court that throughout the proceedings, which were conducted in the cause, approximately fifty years past, that the records do not disclose that the Court signed or entered a written Decree of Adoption.

"A Court of Record can only speak through its minutes and the minutes in the cause do not reflect that a Decree of Adoption was ever entered or presented to the Court for entry.

"The Petition filed by Andrew James Gillis is not well taken and the Motion to Dismiss same should be granted."

■ It is a truism that the trial court speaks through its minutes, but the truism does not preclude the entry of a judgment nunc pro tunc to make the minutes speak the truth. See *Rush v. Rush,* 97 Tenn. 279, 37 S.W. 13 (1896); *McCown v. Quillin,* 48 Tenn.App. 162, 344 S.W.2d 576 (1960); *Hines v. Thompson,* 25 Tenn.App. 86, 148 S.W.2d 376 (1940).

In *Rush v. Rush, supra,* this court affirmed the entry of a decree of divorce nunc pro tunc on the basis of a notation on the judge's docket, where the decree was not entered or extended by the clerk on the minute or record book of the court. In doing so, the court stated:

"It is equally clear that a party whose rights are injuriously affected by a clerical omission to extend upon the record a judgment of the court regularly pronounced may present the matter to the court, and upon a proper showing have the judgment entered nunc pro tunc. All courts have the right, and it is their duty, to make their records speak the truth, and a court, therefore, in a proper case, of its own motion, may order a nunc pro tunc entry to be made; and no sound reason can be suggested why they should not exercise this right and discharge this duty upon the suggestion of one whose rights are impaired by the failure of the record to state the truth. . . . And the lapse of time between the announcement of judgment and the making of this motion is of no importance. *That which is important is that the proof be clear and convincing that the judgment which it is sought to have entered is the one pronounced in the cause."* (Emphasis supplied.)

■ In this case appellant averred that the trial judge heard evidence and granted the petition of Cornelius Gillis and Georgia Gillis to adopt appellant. He further averred that the failure to have the decree

signed and entered on the minutes of the court was due to the inadvertence or oversight of the attorney or the clerk of the court. These averments, if proven by clear and convincing evidence, would justify the entry of the decree of adoption nunc pro tunc. Appellant having stated a claim, it follows that the trial judge was in error in dismissing appellant's petition without affording appellant the opportunity to introduce evidence in support of his claim.

The decree of the Probate Court dismissing appellant's petition is reversed. The cause is remanded for further proceedings. Costs incident to the appeal are adjudged against the appellees. Costs in the trial court will await the outcome of the action.

FONES, HENRY, BROCK and HARBISON, JJ., concur.