JAMES WILLIAM MILLER, JR.,    )
        )
    Plaintiff/Appellee,    )
        )    Appeal No.
        )    01-A-01-9505-CH-00225
VS.    )
        )    Montgomery Chancery
        )    No. 93-71-464
SHERRY PRENTICE-MILLER,    )
        )
    Defendant/Appellant.    )

**FILED**

**Nov. 1, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

THE HONORABLE JAMES E. WALTON, JUDGE

GREGORY D. SMITH
One Public Square, Suite 321
Clarksville, Tennessee  37040
    Attorney for Plaintiff/Appellee

RODGER N. BOWMAN
P. O. Box 1404
Clarksville, Tennessee  37041-1404
    Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# **O P I N I O N**

In this divorce case the appellant attacks a divorce decree entered nunc pro tunc and also raises issues relating to the property division, alimony, and attorney's fees. The appellee attacks the court's division of property in accordance with an antenuptial agreement. We affirm.

## I.

The Millers married on January 28, 1990, two days after they entered into an antenuptial agreement. On January 4, 1993 Mr. Miller, a military serviceman, filed a complaint for divorce and Mrs. Miller filed an answer and counter-complaint seeking a divorce, temporary support, and the enforcement of the antenuptial agreement. After a bench trial on September 19, 1994, the trial judge announced that the divorce would be granted to Mrs. Miller and how most of the property would be divided -- including a finding that the antenuptial agreement was valid. The court could not, however, resolve the competing claims to items of personal property set out on a six to eight page list. The trial judge suggested three ways to end the impasse and directed one of the lawyers to prepare an order reflecting the court's action. No order was entered until March 6, 1995 when the court entered a final decree disposing of all the issues raised by the parties. The decree was entered nunc pro tunc for September 19, 1994.

## II.

The first issue raised by Mrs. Miller on appeal relates to the court's action in entering the final decree nunc pro tunc. The only prejudice she cites is a fear

that the government might claim a refund of the benefits she drew from September to February as a serviceman's wife.

We are convinced, however, that the trial judge's action was correct. At the conclusion of the trial on September 19, 1994, the judge granted the divorce to Mrs. Miller and asked her attorney to prepare an appropriate order. The only issue yet to be resolved was the disposition of some personal property. There can be no doubt that the trial judge intended the divorce to be effective on the date it was pronounced. See *Vessels v. Vessels*, 530 S.W.2d 71 (Tenn. 1975).

All courts have the duty to have their records speak the truth, and a court on its own motion may order a nunc pro tunc entry to be made. *Rush v. Rush*, 97 Tenn. 279, 37 S.W. 13 (1896). What is important is that the proof be clear and convincing that the judgment sought to be entered is the one pronounced. *Id.* at 282.

As to the divorce in this case, there can be no doubt about the action of the trial judge.[1]

### III.

Mrs. Miller also complains that the trial judge erred in not awarding her a tool box mentioned in the pleadings as her property. We fail to find, however, any evidence in the record dealing with this particular item. Mrs. Miller does not cite any proof showing that the property belonged to her or that it was being withheld from her. See Rule 6(b), Rules of the Court of Appeals. Therefore, this issue is without merit.

---

[1]We express no opinion about the disposition of the personal property, the one issue that had not been decided on September 19, 1994. The propriety of entering that part of the decree nunc pro tunc is not at issue in this appeal.

## IV.

Both parties raise an issue concerning the antenuptial agreement. Mr. Miller says it was not enforceable. Mrs. Miller says the trial judge gave her less of Mr. Miller's military pension that the agreement provided.

The antenuptial agreement, signed by the parties on January 26, 1990, contained the following provision:

> James William Miller, Jr. is entitled to monthly retirement pay from the United States Army and in the event of Divorce, Sherry Ann Prentice shall receive one-half of said monthly retirement pay.

Mr. Miller argues that he entered into the antenuptial agreement under duress because Mrs. Miller threatened to call off the wedding unless he signed it. He also alleges that Mrs. Miller did not make a full disclosure of her property before the parties signed the agreement. While the defenses of duress or non-disclosure could defeat an antenuptial agreement, see Tenn. Code Ann. § 36-3-501, *Kahn v. Kahn*, 756 S.W.2d 685 (Tenn. 1988), neither defense is established by the evidence in this record. Mr. Miller offers the only evidence that he felt pushed into signing the agreement. All the other evidence is to the contrary. He admits that Mrs. Miller's lawyer, who prepared the agreement, urged him to have it reviewed by an attorney, but he declined. He does not cite any evidence that Mrs. Miller withheld any pertinent information about her assets.

The preponderance of the evidence supports the trial judge's ruling that the antenuptial agreement was freely entered upon full disclosure.

Mrs. Miller insists that the court erred in awarding her less than fifty percent of Mr. Miller's retirement pay. The final decree provided that Mrs. Miller was

entitled to fifty percent of Mr. Miller's retirement pay -- assuming that the retirement pay vested as of the date the antenuptial agreement was signed. The difference, as we understand it, is between retirement pay based on sixteen years and one month of service and pay based on twenty years and nine months of service (as of the date of the divorce, September 19, 1994.)

What the trial judge actually did was set Mrs. Miller's share of the retirement pay as of the date of the agreement and then hold that the retirement pay benefits accruing after the marriage were marital property. He awarded that part of the marital property to Mr. Miller. We think the trial judge was correct. The agreement speaks in the present tense -- Mr. Miller is entitled to monthly retirement benefits -- which we think refers to the time the agreement was signed.

Even if we are wrong we think the error was harmless. If the agreement gave Mrs. Miller fifty percent of the benefits available to Mr. Miller at the date of the divorce, she would have had a larger asset on her side of the ledger, which should have been taken into account when the trial judge divided the rest of the marital property. See Tenn. Code Ann. § 36-4-121(c)(6),(7). The acts of the trial judge in dealing with the individual items of property in a marital estate cannot be viewed in isolation. We cannot say that had the trial judge interpreted the antenuptial agreement as Mrs. Miller does that he would not have awarded Mr. Miller an offsetting interest in Mrs. Miller's property -- to which Mr. Miller made a substantial contribution. We can only judge the overall fairness of the division of the marital estate, and we find under the proof in this record that the trial judge made an equitable division.

**V.**

Finally, Mrs. Miller argues that she should have been awarded alimony and attorney's fees. The reasons the court gave for refusing these awards were: (1) the relatively short marriage (four years, in which they only lived together two years); (2) Mrs. Miller is an astute business person with her own business; and (3) Mr. Miller is not financially able to pay additional alimony. We think the preponderance of the evidence supports these findings.

The trial court has broad discretion in determining whether to award alimony or attorney fees. *Loyd v. Loyd*, 860 S.W.2d 409 (Tenn. App. 1993). In view of the court's findings and considering the factors set forth in Tenn. Code Ann. § 36-5-101(d), we do not think the trial judge abused his discretion in this case.

The judgment of the trial court is affirmed and the cause is remanded for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
SAMUEL L. LEWIS, JUDGE