# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 3, 2001 Session

## MAHAMAD ZAHREDDINE, ET AL. v. LAN HEE CHOI

### Appeal from the Circuit Court for Davidson County
### No. 98C-1275    Hamilton V. Gayden, Jr., Judge

---

### No. M2000-01281-COA-R9-CV - Filed January 24, 2001

---

This appeal involves the timeliness of a personal injury complaint. Two days before the expiration of the statute of limitations, the plaintiffs' lawyer placed an envelope containing a complaint and summons in a commercial delivery service's drop-off receptacle in Williamson County. Even though the envelope bore the courthouse address of the Clerk of the Circuit Court for Davidson County, the commercial delivery service delivered the envelope to a central governmental mail room on the day the statute of limitations expired. However, the central mail room did not physically deliver the envelope to the trial court clerk's office until three days later. The defendant later filed a motion for summary judgment in the Circuit Court for Davidson County, asserting that the complaint was time-barred. The trial court denied the motion but granted the defendant permission to pursue an interlocutory appeal. We have determined that the defendant is entitled to a judgment as a matter of law because the plaintiffs' complaint was not timely filed with the trial court clerk as required by Tenn. R. Civ. P. 3.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Samuel F. Anderson, Nashville, Tennessee, for the appellant, Lan Hee Choi.

Virginia Lee Story, Franklin, Tennessee, for the appellees, Mahamad Zahreddine, Lenah Zahreddine, and Maggie Zahreddine.

### OPINION

On May 1, 1998,[1] an automobile being driven by Mahamad Zahreddine on I-65 in Davidson County was struck in the rear by a vehicle being driven by Lan Hee Choi. Mr. Zahreddine, his wife, and one of their two small children were injured as a result of the collision. Thereafter, the

---

[1] The Zahreddines' original complaint alleged that the collision occurred "on or about April 30, 1997." However, their amended complaint alleged that the collision occurred "on or about May 1, 1997." Because this is a summary judgment, we construe the facts in the light most favorable to the non-moving party. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999). Accordingly, this opinion is premised on the assumption that the collision occurred on May 1, 1997.

Zahreddines retained Virginia Lee Story, a lawyer with offices in Franklin, to file a personal injury suit against Ms. Choi. The record does not indicate when the Zahreddines retained Ms. Story.

In late April 1998, Ms. Story prepared a personal injury complaint on behalf of the Zahreddines using what must have been a standard personal injury complaint form.[2] She or her employees placed this complaint, and presumably a completed summons, in an envelope addressed to:

> Ricky Rooker/Circuit Court Clerk
> Metro Courthouse/Rm 506/Public Square
> Nashville, Tn 37201

At approximately 4:45 PM on Wednesday, April 29, 1998, one of Ms. Story's employees placed this envelope in an Airborne Express drop-off box in Franklin, Tennessee. Airborne Express picked up the envelope at 3:49 PM on Thursday, April 30, 1998. Rather than delivering the envelope to Mr. Rooker at Room 506 in the Metropolitan Courthouse, Airborne Express delivered the envelope to the central mail room for the Metropolitan Government of Nashville and Davidson County located in the Stahlman Building. An employee in the central mail room signed for the envelope at 1:40 PM on Friday, May 1, 1998. However, the envelope was not physically delivered to Mr. Rooker's office until Monday, May 4, 1998. It was stamped "filed" by the clerk's office at 2:02 PM on May 4, 1998.

Approximately one week later, Ms. Story filed an amended complaint changing the alleged date of the collision from April 30, 1997 to May 1, 1997. Thereafter, recognizing the predicament created by the filing date stamped on the complaint, Ms. Story also filed an affidavit of one of the city's mail room employees detailing when the envelope containing the complaint and summons had been received by the mail room and physically delivered to the trial court clerk's office.

The record contains no information regarding the service of the original complaint. Ms. Story apparently served the amended complaint on Ms. Choi and her insurance carrier by certified mail; however, there is some question about whether the summons was also properly served. On January 4, 1999, Ms. Choi's lawyer filed an answer denying that Ms. Choi had been negligent but failing to raise the statute of limitations as an affirmative defense. On August 26, 1999, Ms. Choi requested the trial court's permission to file an amended answer that included her statute of limitations defense. Despite Ms. Story's opposition to this motion on the ground that Tenn. R. Civ. P. 8.03 required the statute of limitations defense to be raised in Ms. Choi's original answer, the trial court permitted Ms. Choi to file her amended answer, and, on October 11, 1999, Ms. Choi filed an amended answer raising the statute of limitations defense.

On February 29, 2000, Ms. Choi moved for a summary judgment on the ground that the Zahreddines' complaint was filed after the expiration of the statute of limitations. The Zahreddines opposed the motion by arguing that Ms. Choi had not raised the defense in a timely manner and that they had complied with Tenn. R. Civ. P. 3 because their complaint had been delivered to the

---

[2]The complaint must have been used in other litigation because paragraph 11 identifies "Sharon L. Cleary" rather than Lenah Zahreddine as Mr. Zahreddine's wife.

Metropolitan Government's central mail room in the Stahlman Building on May 1, 1998 – the day the statute of limitations expired. On May 26, 2000, the trial court filed an order denying Ms. Choi's motion because "there exists certain genuine issues concerning material facts such that summary judgment is not appropriate." The trial court also permitted Ms. Choi to pursue an interlocutory appeal to this court in accordance with Tenn. R. App. P. 9.[3] We likewise granted Ms. Choi's interlocutory appeal on June 14, 2000.

## I.
### THE PROPRIETY OF A SUMMARY JUDGMENT DISPOSITION

We begin with the well-settled standards governing appellate review of summary judgments. Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Tomlinson v. Kelley*, 969 S.W.2d 402, 405 (Tenn. Ct. App. 1997). They are not, however, appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Thus, a summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion. *White v. Lawrence*, 975 S.W.2d 525, 529-30 (Tenn. 1998); *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). A summary judgment should not be granted if any reasonable doubt exists with regard to the inferences to be drawn from the evidence. *Chrisman v. Hill Home Dev., Inc.*, 978 S.W.2d 535, 538 (Tenn. 1998).

Unlike other dispositions by a trial court without a jury, a trial court's decision regarding a summary judgment does not enjoy a presumption of correctness on appeal. *Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, reviewing courts must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). We must consider the evidence in the light most favorable to the nonmoving party, and we must resolve all inferences in the nonmoving party's favor. *Terry v. Niblack*, 979 S.W.2d 583, 585 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). When reviewing the evidence, we must determine first whether factual disputes exist. If a factual dispute exists, we must then determine whether the disputed fact is material to the claim or defense upon which the summary judgment is predicated and whether the dispute creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

We have conducted a fresh review of this record to determine whether Ms. Choi's summary judgment motion meets the requirements of Tenn. R. Civ. P. 56. Based on this record, we disagree with the trial court's conclusion that the record contains genuine, material factual disputes that prevent the granting of a summary judgment motion. To the contrary, every material fact relating to the timeliness of the Zahreddines' complaint is undisputed. Accordingly, the trial court erred by predicating its dismissal of Ms. Choi's motion on the existence of material factual disputes. The

---

[3]The trial court explained that "I'm not convinced you're right or wrong. I just think it's just not fair, so if you want to go up now and reverse me, I'll let you do that."

outcome of this case hinges on a single question of law – whether delivering a complaint and summons to a central mail room unconnected with the clerk's office amounts to "filing" for the purpose of Tenn. R. Civ. P. 3.

## II.
### THE TIMELINESS OF MS. CHOI'S ASSERTION OF HER STATUTE OF LIMITATIONS DEFENSE

Before we address the question of the timeliness of the Zahreddines' complaint, we turn to the manner in which Ms. Choi raised her statute of limitations defense. The Zahreddines argued vigorously in the trial court that this defense was raised too late because it was not included in Ms. Choi's original answer filed on January 4, 1999. Over the Zahreddines' objections, the trial court permitted Ms. Choi to amend her answer to assert this defense.

On this appeal, the Zahreddines have not challenged the trial court's decision to permit Ms. Choi to amend her complaint to assert her statute of limitations defense. Accordingly, pursuant to Tenn. R. App. P. 13(b), this issue is beyond the scope of this appeal unless it fits within one of the exceptions included in Tenn. R. App. P. 13(b) itself. *Williams v. Tecumseh Prods. Co.*, 978 S.W.2d 932, 937 (Tenn. 1998); *Nance v. Westside Hosp.*, 750 S.W.2d 740, 744 (Tenn. 1988). The parties have neither briefed nor argued the propriety of the trial court's decision to permit Ms. Choi to amend her answer to assert a statute of limitations defense. Because we find none of the exceptional circumstances mentioned in Tenn. R. App. P. 13(b) that would justify us taking up this question on our own motion, we will not review the trial court's decision to permit Ms. Choi to amend her answer.[4]

## III.
### THE TIMELINESS OF THE ZAHREDDINES' COMPLAINT

The statute of limitations applicable to this case required the Zahreddines to commence their action within one year after their cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(1) (2000). Because their cause of action accrued on May 1, 1997, the Zahreddines' were required to commence their action on or before May 1, 1998. Thus, our task is to determine whether the Zahreddines properly "commenced" their action by causing it to be delivered to the Metropolitan Government's central mail room on May 1, 1998.

The procedure for "commencing" a civil action is clearly delineated in Tenn. R. Civ. P. 3. The rule succinctly states that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." A complaint is deemed "filed" when it is physically delivered to a proper person in

---

[4]Were we to review the trial court's decision to permit Ms. Choi to amend her complaint, we would be hard pressed to conclude that the trial court abused its discretion. Tenn. R. Civ. P. 15.01 provides that leave to amend should be "freely given." Accordingly, trial courts have the discretion to allow late statute of limitations defenses. *Steed Realty v. Oeisi*, 823 S.W.2d 195, 197 (Tenn. Ct. App. 1991). We have frequently upheld trial courts who have permitted a defendant to assert a statute of limitations defense even though it was not asserted in its original pleading as required by Tenn. R. Civ. P. 8.03. *See McEwen v. Brown Shoe Co*, No. 02A01-9506-CH-00128, 1996 WL 515442, at *2 (Tenn. Ct. App. Sept. 12, 1996) (No Tenn. R. App. P. 11 application filed); *Denley v. Smith*, Shelby Law No. 48, 1989 WL 738, at *2 (Tenn. Ct. App. Jan. 9, 1989) (No Tenn. R. App. P. 11 application filed); *Garthright v. First Tennessee Bank of Memphis*, 728 S.W.2d 7 (Tenn. Ct. App.1986).

the clerk's office. *Rush v. Rush*, 97 Tenn. 279, 283, 37 S.W. 13, 13 (1896). Recent cases have repeatedly made the point that filing has been accomplished when the document is physically delivered to an employee of the trial court clerk. *Selvy v. Vinsant*, No. 03A01-9903-CV-00081, 1999 WL 894435, at *3-4 (Tenn. Ct. App. Oct. 13, 1999) (No Tenn. R. App. P. 11 application filed); *Dunlap v. Ayers*, No. 02A01-9801-CV-00025, 1999 WL 236514, at *7 (Tenn. Ct. App. Apr. 23, 1999) (No Tenn. R. App. P. 11 application filed); *Fry v. Cermola*, No. 03A01-9507-JV-00246, 1996 WL 30903, at *3 (Tenn. Ct. App. Jan. 29, 1996) (No Tenn. R. App. P. 11 application filed); *Gatlinburg v. Bell*, No. 03A01-9412-CV-00431, 1995 WL 114186, at *3 (Tenn. Ct. App. Mar. 17, 1995) (No Tenn. R. App. P. 11 application filed).

The Zahreddines' argument that the trial court clerk's failure to stamp their complaint filed on May 1, 1998 misses the point. While we have repeatedly noted that the failure to place a "filed" stamp on a paper is not fatal, these decisions involve circumstances wherein the papers were actually in the physical possession of an employee in the clerk's office on or before the applicable filing deadline. *Dunlap v. Ayers*, 1999 WL 236514, at *7; *Fry v. Cermola*, 1996 WL 30903, at *3; *Gatlinburg v. Bell*, 1995 WL 114186, at *3. In this case, it is not the lack of a "filed" stamp that imperils the Zahreddines' complaint, it is the fact that the complaint was not physically placed in the hands of the trial court clerk or one of his deputies on or before May 1, 1998.

The Zahreddines argue that delivering their complaint to the Metropolitan central mail room is tantamount to delivering it to the trial court clerk because the mail room employees should be considered to be the clerk's agents. However, the trial clerk's affidavit stating that "[n]one of the employees in the Metropolitan Mail room are employees of the Circuit Court Clerk" and that "[n]o person that works in the Metropolitan Mail room is authorized to accept pleadings for the Circuit Court Clerk" stands undisputed. Accordingly, there are simply no facts in the record upon which a legal conclusion that the mail room employees are agents of the trial court clerk can be based.

During oral argument, the Zahreddines' lawyer urged the court to construe Tenn. R. Civ. P. 3 in light of the technological advances currently available for transmitting documents. She pointed out that this court has held that a notice of appeal faxed rather than physically delivered to the clerk's office was timely filed. *Love v. College Level Assessment Serv.*, No. 03A01-9411-CV-00414, 1995 WL 310039, at *2 (Tenn. Ct. App. May 22, 1995). The Zahreddines' reliance on the *Love* decision is misplaced for two reasons. First, our decision was reversed when the Tennessee Supreme Court held that filing by facsimile was not permitted. *Love v. College Level Assessment Serv.*, 928 S.W.2d 36, 38-39 (Tenn. 1996). Second, we noted in the *Love* case that the tendered document – the notice of appeal – was physically in the clerk's office before the statutory deadline. The problem that the Zahreddines cannot overcome in this case is that their complaint was not physically delivered to the trial court clerk's office on or before May 1, 1998.

Other courts faced with similar debacles have pointed out that plaintiffs have the burden of monitoring the timely delivery and filing of their complaints. *Schaffer v. Champion Home Builders Co.*, 747 P. 2d 872, 874 (Mont. 1987). We agree. The Zahreddines decided to use a commercial delivery service to deliver their complaint to the trial court clerk for filing. They chose this method of delivery at their peril and were obligated to monitor the service's performance to assure themselves that their complaint had been timely filed in the manner required by Tenn. R. Civ. P. 3. The Zahreddines' complaint was not timely filed because it was not delivered to the physical

possession of the trial court clerk or one of his deputies on or before May 1, 1998. Accordingly, the trial court should have granted Ms. Choi's summary judgment motion and should have dismissed the Zahreddines' complaint.

## IV.

We reverse the order denying Ms. Choi's summary judgment motion and remand the case to the trial court with directions to enter an order dismissing the Zahreddines' complaint against Ms. Choi. We tax the costs of this appeal to Mahamad Zahreddine, Lenah Zahreddine, and Maggie Zahreddine for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE