IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015

**GARY W. ROBINSON, III v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 102954     Bobby R. McGee, Judge**

_____

**No. E2015-00038-CCA-R3-PC – Filed February 24, 2016**

_____

The petitioner, Gary W. Robinson, III, appeals the summary dismissal of his petition for post-conviction relief. He contends that the post-conviction court erroneously found that his petition was untimely filed. Following our review of the briefs of the parties, the record, and the applicable law, we conclude that the post-conviction court erred by dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Gary W. Robinson, III.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

# FACTS AND PROCEDURAL HISTORY

On February 6, 2012, the petitioner pled guilty to especially aggravated robbery, facilitation of employment of a firearm during the commission of a felony, and aggravated burglary. He received a fifteen-year sentence. On February 23, 2012, the petitioner filed a timely motion to withdraw his guilty plea. This motion remained pending until June of 2013,[1] when the petitioner voluntarily dismissed the motion. On January 10, 2014, the petitioner filed a pro se petition for post-conviction relief.

The State filed a response, arguing that the petition was time-barred because it was filed nearly two years after the petitioner's judgment became final. The petitioner filed an amended petition, contending that the judgment did not become final until he voluntarily dismissed his motion to withdraw his guilty pleas.

At a hearing on the amended petition, the petitioner argued that the filing of the motion to withdraw his guilty pleas tolled the one-year statute of limitations for filing a petition for post-conviction relief. The motion remained pending until June of 2013, and the petitioner claimed that the judgments became final after he moved to voluntarily dismiss the motion. The State contended that if the trial court had ruled on the merits on the motion to withdraw the guilty pleas, the judgment would have become final after that ruling. However, because the petitioner voluntarily withdrew his motion, the trial court did not make a final ruling on the merits. The State contended that, as a result, the petitioner's judgment became final thirty days after he entered his guilty pleas, rendering his January 2014 petition untimely. The State contended that some type of "court action" was necessary in order for the statute of limitations to be tolled.

The post-conviction court observed "that the logical thing to do is to consider" the voluntary dismissal as "the final judgment of the Court," which would permit the petitioner thirty days within which to file a direct appeal or one year within which to file a petition for post-conviction relief. However, the post-conviction court found that voluntarily withdrawing the motion rendered it a legal nullity. As a result, the court found that the voluntary dismissal of the motion was not a final disposition or judgment on the motion, and the judgment thus became final thirty days after the petitioner pled guilty. While expressing some reservation with its finding, the court found that the petition was untimely and summarily dismissed the petition.

---

[1] At the November 13, 2014 hearing, trial counsel stated that computer records indicated that the petitioner voluntarily withdrew his motion to withdraw his guilty plea in June 2013. These records were not introduced at the hearing, but both parties agreed that the motion was withdrawn in June 2013.

The petitioner filed a timely notice of appeal, and we proceed to consider his claim.

## ANALYSIS

The petitioner argues that his judgment did not become final until after he voluntarily withdrew his motion to withdraw his guilty pleas. He contends that his petition for post-conviction relief was thus timely because it was filed within one year of the date that his judgment became final. The State concedes error and requests this court to reverse and remand the case for an evidentiary hearing.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken to or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). A judgment becomes final thirty days after its entry in the trial court or upon an order disposing of a timely-filed post-trial motion. Tenn. R. App. P. 4(a), (c); *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). A motion to withdraw a plea of guilty is one of the motions specified by Tennessee Rule of Appellate Procedure 4(c) that stays the judgment until the resolution of that motion. *See also State v. Peele*, 58 S.W.3d 701, 705-06 (Tenn. 2001).

Initially, the appellate record did not contain an order or minute entry reflecting the trial court's ruling on the petitioner's voluntary dismissal of his motion to withdraw his guilty plea. Without an order disposing of the motion, there was no evidence that the petitioner's judgment had become final, meaning that his petition for post-conviction relief would have been filed prematurely and that this court would not have jurisdiction to hear the petitioner's appeal. *See Gibson v. State,* 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998) ("Because a post-conviction petition may not be filed until the final judgment of the highest court has been entered, the instant petition for post-conviction relief was filed prematurely and should have been dismissed accordingly.") (citation omitted); T.C.A. § 16-5-108(a)(1) (2010) ("The jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the *final judgments* of trial courts in . . . [c]riminal cases, both felony and misdemeanor.") (emphasis added). In order to resolve this issue, this court ordered that the trial court supplement the record with any documentation of the trial court's resolution of the motion to withdraw the guilty pleas.

The supplemental record contains a minute entry from June 10, 2013, indicating that a hearing was held on the motion to withdraw the guilty pleas. The minutes state that the motion was withdrawn and that "judgment is hereby entered." "It is well-settled that a trial court speaks through its minutes." *State v. Ronald Strick*, No. M2005-01990-CCA-R3-CD, 2007 WL 445630, at *5 (Tenn. Crim. App. Feb. 12, 2007) (citing *In re*

3

*Adoption of Gillis*, 543 S.W.2d 846, 847 (Tenn. 1976); *Hines v. Thompson*, 25 Tenn. App. 86, 148 S.W.2d 376, 379 (Tenn. Ct. App. 1940)).  Accordingly, the record reflects that the petitioner's judgment became final on June 10, 2013, and he had one year from that date to file a petition for post-conviction relief.  Because the petitioner filed his petition on January 10, 2014, his petition was timely, and he is entitled to an evidentiary hearing on his petition.  We reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing.

## CONCLUSION

Based upon the foregoing, the judgment of the post-conviction court is reversed, and the case is remanded for an evidentiary hearing.

_____
JOHN EVERETT WILLIAMS, JUDGE

4