IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 3, 2018

## STATE OF TENNESSEE EX REL. ROGER D. MOORE v. KIMBERLY N. WRIGHT ODEN

**Appeal from the Circuit Court for Davidson County**
**No. 04D1479  Philip E. Smith, Judge**

_____

**No. M2018-00779-COA-R3-CV**

_____

This appeal involves the trial court's entry of a 2005 child support order *nunc pro tunc*. After it became apparent that a certain decade-old child support order, which was the basis for several subsequent support orders, was missing from the record, the mother filed a motion requesting that the trial court enter the order *nunc pro tunc*. The trial court granted the motion, finding that the missing order was not included in the record by mistake of the court or clerk. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Lorraine Wade, Nashville, Tennessee, for the appellant, Roger D. Moore.

Herbert H. Slatery III, Attorney General and Reporter, and Katheryn A. Baker, Assistant Attorney General, for the appellee, Child Support Services of Tennessee.

### OPINION

### I. FACTS & PROCEDURAL HISTORY

Roger Moore ("Father") and Kimberly Wright-Oden ("Mother"), who were never married, share one child—a daughter—born in June of 2000.[1] Following her birth, Father signed a voluntary acknowledgment of paternity dated July 14, 2000.

In 2004, the State of Tennessee ("the State") filed a petition in the Circuit Court

_____

[1] At the time of this appeal, the child is no longer a minor.

for Davidson County, Tennessee, seeking an order setting child support and a judgment for retroactive child support against Father. At the time of the petition, it appears that the child resided with Mother in Hamilton County.

Child support was originally set, on February 14, 2005, at $94.84 per week pursuant to an agreed order. The order further stated that the "matter shall be set on the Court's docket on [April 7], 2005, at 9:00 a.m. on the issue(s) of: accuracy of support[,] as [Mother]'s income is expected to change[,] and retroactive support." The next document appearing in the record, however, is a petition for contempt filed against Father by the State on December 6, 2005, for his failure to make child support payments as ordered. The contempt petition referenced a court order entered on April 7, 2005, stating as follows:

> [A]n Order of Support was entered herein by the [FOURTH] CIRCUIT Court for Davidson County, Tennessee on or about 04/07/05 whereby the Respondent was ordered to pay $127.85 per week for the support of his minor child . . . . Further, a judgment was granted against the Respondent in the amount of $18,107.00 and said judgment was to be reduced at a rate of $25.00 per week.

On February 22, 2006, the parties entered an agreed order, under which Father was found guilty of 18 counts of criminal contempt. Therein, Father's 180-day sentence was stayed if he complied with the court's order requiring him to pay $127.85 per week in child support and $25 per week towards his arrears. In an August 2006 order, the trial court found that Father had complied with the terms of the plea agreement and deemed his 180-day sentence served.

Several years later, in April 2015, Mother filed her own petition for contempt alleging that Father failed to pay support in accordance with the February 2006 order on numerous occasions between 2006 and 2015. The parties entered an agreed order finding Father guilty of civil contempt but affording him an opportunity to purge his contempt by making several lump sum payments in addition to his regular child support obligation. By order entered November 30, 2015, the trial court found that Father had substantially complied with the terms of the agreed order and purged his contempt. (he court ordered that Father continue to pay $127.85 per week in child support. In addition, the court found that Father's arrears balance was $72,735.37 as of that date and ordered him to begin paying $80.77 per week towards that balance.

In May 2016, Mother filed another petition for contempt against Father. By another agreed order, Father was found guilty of criminal contempt, but his 180-day sentence was again stayed giving Father the opportunity to comply with the court's order requiring him to pay $127.85 per week in child support and $80.77 per week towards his arrears. The trial court again found Father to have substantially complied and deemed his sentence served.

In September 2017, Father filed a petition seeking to modify his child support obligation and to have the February 22, 2006 agreed order set aside. According to Father, no child support work sheet was attached to the order and the Child Support Guidelines were not considered in the calculation of his support obligation. It subsequently became apparent that the record did not include an April 2005 support order, which was the supposed basis for the February 22, 2006 agreed contempt order and the two agreed orders that followed. However, on March 23, 2018, Mother filed a Motion to Enter Order *Nunc Pro Tunc* with an attached document, which Mother asserted was a copy of the missing April 2005 support order. The unsigned "Order of Support" was stamped "FILED" on April 11, 2005, and initialed by the Circuit Court Clerk. The document referenced an April 7, 2005 hearing and required Father to pay $127.85 per week in child support and $25 per week towards his arrears.

At the hearing on Mother's motion, Father testified he did not believe he was present in court on April 7, 2005. Even so, by order entered April 9, 2018, the trial court granted Mother's motion and ordered that the April 2005 order be entered *nunc pro tunc*. It found that "the attached Order was filed with the Davidson County Circuit Court Clerk on April 11, 2005 in the normal course of business as noted by the 'FILED' stamped date on the copy of the Order." The court noted that "the attached Order reflects the ruling of the Court . . . [and] was not entered by the Court in 2005 due to a mistake by the Court or the Clerk."

Thereafter, the trial court entered an order modifying Father's child support obligation to $217 per month based on an agreement between the parties. Father was also given a $2,022 credit against his child support arrears judgment and ordered to pay $675 per month to liquidate his balance of $74,740.72.

Father then filed a timely notice of appeal of the April 9, 2018 order.

## II. ISSUES PRESENTED

Father presents the following issue for review on appeal, which we have slightly restated:

1. Whether the trial court erred in its entry of the April 2005 order *nunc pro tunc*.

The Appellee, the State of Tennessee, presents the following additional issue for our review:

2. Whether Father is estopped from challenging the validity of the April 2005 child support order.

For the following reasons, we affirm the decision of the trial court and remand for further proceedings.

- 3 -

## III. DISCUSSION

On appeal, Father challenges the trial court's entry of the April 2005 order *nunc pro tunc*. According to Father, the February 14, 2005 agreed order of support—which set child support at $94.84 per week and did not address his arrearage—is the only valid child support order entered in this case.

"A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date." *Cantrell v. Humana of Tennessee, Inc.*, 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting Black's Law Dictionary 1267 (3d ed. 1933)). Its purpose is "to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake." *Id.* Regarding *nunc pro tunc* orders, our supreme court has explained:

> The error justifying a *nunc pro tunc* entry must have been due to the inadvertence or mistake of the court and not counsel. *Cantrell v. Humana of Tenn., Inc.,* 617 S.W.2d 901, 902 (Tenn. Ct. App. 1981) (quoting *Black's Law Dictionary* 1267 (3d ed. 1933)). Moreover, an entry of a judgment *nunc pro tunc* should only be granted when it can be shown by clear and convincing evidence that the judgment sought is the one previously announced. *Rush v. Rush,* 97 Tenn. 279, 37 S.W. 13, 14 (1896). It is not enough that the parties believe that a judgment has been filed, there must be clear and convincing evidence that the court announced its judgment, and, but for clerical error or mistake, the judgment was not filed for entry. *See Zeitlin v. Zeitlin,* 544 S.W.2d 103, 106 (Tenn. Ct. App. 1976). As this Court has previously stated, "[i]t is . . . clear that a party whose rights are injuriously affected by a clerical omission to extend upon the record a judgment of the Court regularly pronounced may present the matter to the Court, and upon a proper showing have the judgment entered *nunc pro tunc*." *Rush,* 37 S.W. at 14. "All courts have the right, and it is their duty, to make their records speak the truth, and a court, therefore, in a proper case, of its own motion, may order a *nunc pro tunc* entry to be made . . . ." *Id.*

*Blackburn v. Blackburn*, 270 S.W.3d 42, 50-51 (Tenn. 2008) (footnote omitted). This Court reviews a trial court's decision to enter an order *nunc pro tunc* for abuse of discretion. *Cook v. Alley,* 419 S.W.3d 256, 261 (Tenn. Ct. App. 2013) (citing *Jackson v. Jarratt*, 52 S.W.2d 137, 139 (Tenn. 1932)).

Here, there is sufficient evidence in the record that the April 2005 support order was one previously announced by the court. Mother provided a copy of the order, which—although unsigned by the judge—was stamped "filed" on April 11, 2005, and initialed by the court clerk. The copy was also signed as "approved for entry" by the

- 4 -

State's attorney and appears to include the signatures of both Mother and Father. Further, each of the subsequent orders of the court in this matter—many of which were entered by agreement of the parties—rely on the child support obligations set in the April 2005 order. The parties and the trial court assumed the existence of this particular order for over 10 years.

The trial court found that the copy of the April 2005 order produced by Mother reflected the ruling of the court and that the absence of the order from the record was due to a mistake by the trial court or the clerk. The record supports the court's findings. Thus, we cannot say that the trial court abused its discretion in its entry of the April 2005 order *nunc pro tunc*. Because we agree with the trial court's decision to grant Mother's motion, we need not consider the State's argument regarding estoppel.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellant, Roger D. Moore, for which execution may issue if necessary.

_____

J. STEVEN STAFFORD, JUDGE